People of the State of Illinois, Defendant in Error, v. Peter C. Mangos, Plaintiff in Error.

Gen. No. 41,221.

Opinion filed June 19, 1940. Rehearing denied September 10, 1940.

PETER D. CALOGER, of Chicago, for plaintiff in error; JOHN P. KLEIN, of Chicago, of counsel.

Thomas J. Courtney, State's Attorney, for defendant in error; Edward E. Wilson, John T. Gallagher, Melvin S. Rembe and Blair L. Varnes, Assistant State's Attorneys, of counsel.

Mr. Justice Burke delivered the opinion of the court.

On August 9, 1939, in the municipal court of Chicago, defendant pleaded not guilty to an information charging him with having unlawfully and wilfully made, uttered and drawn a check for the payment of $200, without having credits in the bank for the payment thereof. The cause was submitted to the court without a jury. On that day the court entered the following order: "The court finds the defendant guilty in manner and form as charged in the information herein. Wherefore it is ordered that the same be entered of record herein." At that time no judgment was entered on the finding. Defendant filed an application to be placed on probation. The court allowed the request and placed defendant on probation for a period of one year. As a condition thereof the court ordered the defendant to make restitution to the victim in the sum of $200. On the same day the defendant moved to vacate the judgment. The court set the hearing on the motion for August 16, 1939. The motion was continued from time to time and was not heard until October 11, 1939. On that day the court entered an order which reads: "Motion to vacate judgment sustained. New trial granted. Defendant discharged." On October 27, 1939, the record shows: "Motion state to expunge orders of October 11, 1939, sustained. Order of court postponed and set for trial October 31, 1939." On October 31, 1939, the following order was entered: "Now come the people by the State's Attorney and the defendant as well in his own proper person as by counsel also comes, and thereupon this cause comes on for hearing on motion of the defendant heretofore entered herein to vacate the judgment of August 9, 1939, and the court being fully advised in the premises, overrules said motion."

The record shows that on October 31, 1939, defendant again made application to be placed on probation. The court granted the request and allowed the defendant to be released on an individual recognizance. The recognizance which the defendant signed, and which he acknowledged before the presiding judge, recites that "The condition of this recognizance is such that whereas, the above bounden, Peter C. Mangos, has been found guilty in the Municipal Court of Chicago on a charge of cheat to defraud." On December 18, 1939, a probation officer filed an application for a warrant against the defendant based on the statement that he had violated the terms under which he was placed on probation. A warrant was issued and he was apprehended. He was again released on an individual recognizance, pending a hearing on the charge that he had violated probation. On January 31, 1940, the court found that the defendant had violated his probation, and also entered judgment on the original finding that defendant was guilty of the offense charged in the information. Accordingly, the court sentenced him to serve a term of four months in the house of correction. The record comes to us following the issuance of a writ of error. The assignment of errors specifies (1) that the trial court erred in entering the order of October 27, 1939, and also the order of October 31, 1939, after having entered a final order on October 11, 1939, discharging the defendant, thereby divesting itself of jurisdiction over the defendant and of the subject matter; (2) that all orders entered after the order of October 11, 1939, discharging the defendant, are illegal and void and of no effect, because such orders were entered by the trial court after it had lost jurisdiction of the defendant and of the subject matter; and (3) that the defendant was twice placed in jeopardy in violation of section 10 of Article 11 of the Constitution of the State of Illinois.

In their briefs both the People and the defendant indulge in references to occurrences and statements not supported by the record. The proceedings were

quite informal. Under the Probation Act (par. 785, ch. 38, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 37.772]), a person who has entered a plea of guilty, or who has been found guilty by the verdict of a jury or by the finding of the court, may in certain cases be placed on probation after the entry of judgment and when nothing remains to be done by the court except to pronounce sentence. When the defendant was found guilty, no judgment was entered. At that time, however, on his application, he was placed on probation. The record shows that he then moved to vacate the judgment. The People and the defendant in the trial court, and here, treated the finding of guilty as the judgment of the court, and no point has at any time been made that the court did not enter judgment on the finding. On October 11, 1939, the court allowed defendant's motion to vacate the judgment, granted a new trial and discharged him. When the judgment was vacated the cause stood in the same position as before the trial. The court granted a new trial. The record does not disclose that there was a new trial. It does show that the defendant was discharged. We assume that this means he was discharged from custody. The record does not show that the defendant was again placed on trial, nor does it show what the finding or the judgment of the court was. The effect of the order of October 11, 1939, so far as the record discloses, was to vacate the finding of guilty (which the parties treated as a judgment) and to grant a new trial. As the record does not show that there was another trial, the effect of the order was to leave the case still pending without the defendant being in custody. On October 27, 1939, on motion of the People, the court expunged the orders of October 11, 1939, and on October 31, 1939, the court overruled defendant's motion to vacate the judgment of August 9, 1939. Defendant now contends that the court having entered a final order on October 11, 1939, discharging the defendant, was without jurisdiction to enter subsequent orders. In our

opinion this contention is without merit. As we have indicated, the record shows that the defendant was granted a new trial, but does not show he was again placed on trial. Insofar as the record shows, the cause was still pending and within the control of the court. Therefore, the court had jurisdiction to enter the order expunging the order of October 11, 1939, leaving the defendant's motion to vacate the judgment, undisposed of. The court overruled the motion to vacate on October 31, 1939. The record is barren of any showing as to the basis on which defendant sought to vacate the judgment. The record is also silent as to the reason why the court expunged the order of October 11, 1939. It is manifest, however, that the defendant recognized the propriety of the action of the court as he again made application to be placed on probation. The court granted his application and he was released on an individual recognizance. The recognizance so executed by the defendant acknowledged that he had been found guilty as charged. When on January 31, 1940, the court found the defendant guilty of violating the terms of his probation, the court then, for the first time, entered an appropriate judgment order, based on the finding of guilty, and sentenced him to serve a term of four months in the house of correction. The defendant does not allege any point as to the action of the court in sentencing him, except that of jurisdiction, and that he was twice placed in jeopardy, and insists that all the orders entered after the order of October 11, 1939, are illegal and void. Our view is that the record does not show that the order of October 11, 1939, disposed of the case, and that, therefore, the case was still pending at the time the court entered the subsequent orders.

Finally, the defendant maintains that after he was discharged by the order of October 11, 1939, the effect of vacating that order, overruling his motion to vacate, and later sentencing him for violation of probation, was to again place him in jeopardy for the same offense. The

defendant made the motion to vacate and as he was not again placed on trial, he was not in jeopardy a second time. The action of defendant in petitioning the court to place him on probation after the order of October 11, 1939, had been expunged, was a recognition by the defendant, while the matter was before the court, of the regularity of the proceedings. The record shows that at all relevant times defendant was present in his own proper person and by counsel. To permit him now to take a position entirely at variance with the position he took before the trial court would be to allow him to play fast and loose with the court. He was given every consideration, was represented by counsel, and all his rights were protected and respected.

For the reasons stated, the finding and judgment of the municipal court of Chicago should be and it is affirmed.

*Judgment affirmed.*

DENIS E. SULLIVAN, P. J., and HEBEL, J., concur.