Richard J. Burrows, Plaintiff-Appellant, v. Meyer Schulman, Defendant-Appellee.

Gen. No. 47,419.

First District, Second Division.

November 25, 1958.

Released for publication December 16, 1958.

Meyer S. Miller, of Chicago (Charles D. Snewind, of counsel) for appellant.

Slutzky & Slutzky, of Chicago (Irving Slutzky, of counsel) for appellee.

PRESIDING JUSTICE LEWE delivered the opinion of the court.

This is an action for damages resulting from holding over on an apartment lease for a period of 28 days. Defendant's motion to dismiss the action was granted. Plaintiff appeals.

The case was decided solely on the pleadings. Plaintiff had leased the apartment for the term of May 1, 1956 through April 30, 1957. The defendant, who was entitled to possession of the same premises until April 30, 1956, did not vacate until May 28, 1956. As a result of the holdover plaintiff was required to bring a forcible detainer suit to establish his right to the premises.

██ ██ Plaintiff contends that this action is "in tort" and therefore his measure of damages is not limited to double rent as provided by section 2 of the Landlord and Tenant Act, Ill. Rev. Stat. 1957, ch. 80, § 2. We do not agree. In our opinion the legislature intended section 2 to be the exclusive remedy for willful holdovers. "It is a fundamental principal [sic] of statutory construction that the enumeration of certain things in a statute implies the exclusion of all others." In re Estate of Leichtenberg, 7 Ill.2d 545, 552. We have not been referred to any cases allowing more than double rent as damages for willfully holding over, nor have we found any. Plaintiff places great reliance on Stave v. Great Atlantic & Pacific Tea Co., 262 Ill. App. 221, but that case is not determinative of the present situation. There the tenant had given notice that it was going to vacate but failed to do so, thereby violating section 3 of the Act [Ill. Rev. Stats. 1957,

460

ch. 80, § 3] which permits recovery of double rent for failure to vacate after notice without regard to whether or not the holdover was willful. The court held that section 3 did not provide an exclusive remedy but noted that section 2 is clearly distinguishable from section 3. The case of Grand Union Tea Co. v. Hanna, 164 Ill. App. 570, also cited by plaintiff allowed recovery of only double rent for detention of the premises.

In the absence of more persuasive authority we are impelled to hold that the legislature intended section 2 of the Act to be an exclusive remedy. Plaintiff's proper remedy in this case is an action under that section rather than an action "in tort." For the reasons given the judgment is affirmed.

Affirmed.

MURPHY and KILEY, JJ., concur.