People of the State of Illinois, Plaintiff-Defendant in Error, v. James C. Dowd, Defendant-Plaintiff in Error.

Gen. No. 10,293.

Third District.

October 20, 1960.

Rehearing denied December 2, 1960.

Joseph L. Rosenberg, Wayne L. Bickes, Rosenberg and Rosenberg, of Decatur, for plaintiff in error.

Hilmer C. Landholt, State's Attorney, Macon county, Edward Booth, Assistant State's Attorney, for defendant in error.

ROETH, JUSTICE.

Plaintiff in error, hereinafter referred to as defendant, brings this case by writ of error from the County Court of Macon County to reverse his conviction of the crime of selling and delivering alcoholic liquors to a minor through his, the defendant's, agent

or employee. An information consisting of four counts was filed against him on November 26, 1957. All counts of the information except Count 2 charging as above were dismissed. On July 8, 1958, trial was had by jury and a verdict finding the defendant guilty in the manner and form as charged in Count 2 of the information was returned by the jury and punishment fixed at 60 days in the county jail and a fine of $100.00, the maximum allowable under the law. The abstract notes, "Verdict of jury finding defendant guilty of selling alcoholic liquor to a minor in manner and form as charged in Count 2 of information and punishment fixed at 60 days in the county jail and a fine of $100.00." The defendant then moved for a new trial and was granted ten days in which to file his written motion, said motion being filed on July 18, 1958.

On February 16, 1959, the court denied the motion after the hearing of arguments on December 17, 1958. Hearing on the motion had previously been set and had been continued. On the 16th of February defendant moved for probation and probation was granted by the court on March 6, 1959. On May 26, 1959, a report of violation of probation was filed and the following day a rule to show cause why his probation should not be revoked was entered against the defendant. On July 29, 1959, defendant filed his motion asking for an order discharging him and to strike and expunge the cause from the records and for an order declaring proceedings on petition to revoke defendant's probation be vacated, stricken and dismissed, and that the defendant be discharged from custody and recognizance discharged on the grounds, first, that no judgment was entered upon the verdict and therefore the trial of the defendant and proceedings to revoke probation are null and void; second, that no judgment having been entered on the verdict of the jury, the court lacks jurisdiction over the person of

431

the defendant and that further proceedings against the defendant are null and void; and, finally, that the court is without jurisdiction to revoke probation of defendant and is without jurisdiction to enter any sentence against the defendant by reason of the absence of any conviction of said defendant. Affidavits were filed by both of the attorneys for the defendant alleging their presence in court during the entire proceedings and alleged in substance that after the trial judge read aloud the verdict he laid the same aside, thanked the jury and dismissed them, and that at no time during the proceedings after the verdict did the trial judge enter judgment on the verdict of the jury.

On July 21, 1959, the lower court set aside the probation and entered judgment against the defendant, sentencing him to the county jail, and on July 27, 1959, defendant's motion to be discharged was denied. It appears from the record that the court prior to July 21, 1959, did not enter judgment on the verdict and took the attitude that the judgment need not be entered at the time probation was granted for the reason that the defendant, by accepting the terms of the probation and requesting the same, placed himself under the jurisdiction of the court and gave the court the right to enter judgment on the verdict any time thereafter.

Defendant brings this writ of error claiming the lower court erred in denying his motion for an order discharging him and further alleges the court erred in refusing his motion for a directed verdict at the end of people's case and finally that the prosecutor in his final arguments committed reversible error.

At the outset it is clear that if defendant, by his motion for probation made after the court denied his motion for new trial, waived his right to appeal, then all other points raised by defendant are moot. The rule in the state is clear that where a de-

fendant moves for release on probation which is granted, and affirmatively assents to the order granting probation and accepts the benefits of probation, his choice between the suspension and contesting the judgment of conviction should be final. He should not be permitted to reverse his stand and take advantage of the alternative he had theretofore rejected. People v. Collis, 344 Ill. App. 539, 101 N.E.2d 739; People v. Mangos, 306 Ill. App. 379, 28 N.E.2d 816. Defendant contends, however, that the lower court lost jurisdiction of the defendant to enter judgment on the verdict by reason of the undue delay. He contends that the trial at which he was found guilty and the proceedings to revoke probation are void by reason of this failure.

In People v. Mangos, supra, the defendant was found guilty by the court on August 9, 1939, and the following order was entered:

> "The court finds the defendant guilty in the manner and form as charged in the information herein. Wherefore it is ordered that the same be entered of record herein."

No judgment was entered on the finding. Defendant requested probation and the request was granted. On the same day defendant moved to vacate the judgment. This motion was continued from time to time until October 11, 1939, when the court entered an order stating:

> "Motion to vacate judgment sustained. New trial granted. Defendant discharged."

On October 27, 1939, the foregoing order was expunged on motion of the state and the hearing on defendant's motion to vacate the judgment was reset for October 31, 1939. On October 31, 1939, the court overruled defendant's motion to vacate the judgment and defendant again made application to be placed

433

on probation. The court granted the motion and defendant was released on his own recognizance. He was subsequently brought back into court for a violation of his probation and on January 31, 1940, the court found defendant violated his probation and also entered judgment on the original finding that defendant was guilty of the offense charged. In that case the question of the right of the court to enter judgment on January 31, 1940, was not raised. The court stated:

"It is manifest, however, that the defendant recognized the propriety of the action of the court as he again made application to be placed on probation. The court granted his application and he was released on an individual recognizance."

We fail to discern the appreciable difference in the two cases. In each of them defendant was brought in for violation of probation and not until then was judgment entered on the verdict. The court commented on this occurrence, yet obviously was of the opinion that this was not a jurisdictional question.

The record in this case establishes that the verdict of the jury was entered and a motion for new trial filed by defendant, which motion was denied. Immediately thereafter defendant moved the court for probation, which motion was granted, and from all that appears of record defendant availed himself of this probation. Only after he was taken in custody for violating such probation did he protest the verdict and the authority of the court not only to enter the verdict but to grant him probation.

In People v. Andrae, 295 Ill. 445, 129 N. E. 178, the Supreme Court said:

"When a prisoner enters his plea of guilty, or where the prisoner is found guilty by the verdict

434

of a jury, it is not necessary for the court to enter a judgment finding the prisoner guilty. When the court receives and enters the plea or verdict of guilty, it follows as a legal inference that the court finds the defendant guilty. . . . 'After entry of judgment,' as used in section 2 of the Probation Act, must therefore be held to mean that period in the proceedings where the prisoner has taken all the steps he desires to take and where the court has decided finally to receive and enter the plea or verdict of guilty on the records of the court. Under the law the court is not permitted to entertain a petition for release on probation until this period is reached in the proceedings. The filing of the petition for release on probation is evidence, therefore, that the prisoner accepts the action of the court in entering the plea or verdict of guilty as final so far as the trial court is concerned, and by filing this petition admits that all proceedings have been taken in the trial court up to the point of sentence, and that nothing remains to be done by the court except to pronounce sentence. The reason for holding that the sentence is a part of the conviction is that a conviction is not legally established until the final judgment of the court is entered upon the plea or verdict of guilty. This is because the court may set aside the plea or verdict of guilty on proper motion and grant a new trial, or the court may, for good cause shown, arrest the final judgment and never legally determine the guilt of the prisoner. None of the courts holding the sentence to be a part of the conviction had before them an act containing the provisions of our act authorizing release on probation. When no issue, either of law or fact, remains to be determined, and there

435

is nothing to be done except to pass sentence, there is no sound reason for holding that the prisoner has not been convicted."

In People v. Dodge, 411 Ill. 549, 104 N.E.2d 633, the court said:

"Plaintiff in error's contention that the court was without jurisdiction to enter sentence without first entering a finding and verdict has no merit. The record shows that he entered a plea of guilty and under such plea, it follows, as a legal inference, that the court finds him guilty and it is unnecessary for the court to enter such finding. People v. Bute, 396 Ill. 588, 72 N.E.2d 813; People v. Andrae, 295 Ill. 445, 129 N. E. 178; People v. Werner, 364 Ill. 594, 5 N.E.2d 238."

It will therefore be seen that the pronouncement of sentence is the controlling factor in these cases involving the question of the entry of a judgment.

Defendant relies on People v. Barrett, 202 Ill. 287, 67 N. E. 23. Defendant was indicted in June of 1898, convicted April 12, 1900, and sentenced November 11, 1902. He had been released after conviction on his own recognizance upon the filing of a motion for new trial. Consideration of the motion was delayed until November 5, 1902, at which time it was overruled and defendant immediately thereafter filed his motion for arrest of judgment, which was also overruled. Thus 2½ years passed from the time of the verdict to the sentence. The court stated:

"There can be no doubt that a court has the right, in a criminal cause, to delay pronouncing judgment for a reasonable time, for the purpose of hearing and determining motions for a new trial or in arrest of judgment, or to give the defendant

436

time to perfect an appeal or writ of error, or for other proper causes; but to suspend indefinitely the *pronouncing of the sentence* after conviction, or to suspend indefinitely the execution of the judgment after sentence pronounced, is not within the power of the court." (Emphasis supplied.)

It can therefore be seen it was not the entry of the judgment, but the delay in pronouncing sentence that the court held to be error. The defendant here cannot contend that the court must pronounce sentence in a case where probation has been granted for this would clearly take away the right of the court to grant probation. People v. Collins, 353 Ill. 468, 187 N. E. 450.

The language of Section 2 of the Probation Act, insofar as this argument is concerned, is as it was at the time of the Andrae case. The authority of the court to grant probation "After entry of judgment" is still contained within the section and we feel the meaning is the same now as it was then, that is to say, after that point is reached in the proceedings where nothing remains to be done except pronounce sentence. Had the defendant in this case not moved for probation, most certainly the court would, after denying his motion for a new trial, have pronounced sentence. This would have been the judgment necessary to complete and satisfy the record. As stated by the Supreme Court in People v. Becker, 414 Ill. 291, 111 N.E.2d 491:

"The final judgment in a criminal case is the sentence."

See also 15 I. L. P., Criminal Law, Section 811.

By defendant's request for probation and acceptance of the same the defendant admitted the regularity of the proceedings. People v. Mangos, supra. By such

437

action the defendant accepted the verdict of the jury and cannot now complain. Having therefore waived his right to appeal this court need not consider the other points raised in the writ of error.

For the reasons stated herein judgment of the lower court is affirmed.

Affirmed.

CARROLL, PRESIDING JUSTICE, and REYNOLDS, JUSTICE, concur.