**People of the State of Illinois, Defendant in Error, v. Emanuel M. Gary, Plaintiff in Error.**

**Gen. No. 49,181.**

First District, Second Division.

December 17, 1963.

Howard T. Savage, of Chicago, for plaintiff in error.

William G. Clark, Attorney General, of Springfield (Daniel P. Ward, State's Attorney of Cook County, of Chicago, Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and Edward J. Hladis and Marvin E. Aspen, Assistant State's Attorneys, of counsel), for defendant in error.

MR. JUSTICE BRYANT delivered the opinion of the court:

This appeal arises on a writ of error to the Criminal Court of Cook County filed with the Supreme Court and transferred to this court to review the probation, revocation of probation and subsequent sentencing of the petitioner.

The petitioner, Emanuel M. Gary, was indicted for and pleaded guilty to three indictments charging the robbery of three different persons of three automobiles. On July 2, 1953, in case 53–1068 petitioner was adjudged guilty and sentenced to the Illinois State Penitentiary for a period of not less than one year nor more than one year and one day. In the other two cases, 53–1069 and 53–1070, petitioner moved for and was ordered to be released on probation for a period of five years on or about July 2, 1953.

On September 28, 1956, a probation officer of Cook County made application that defendant's probation be revoked for the reason that he had been held to the Grand Jury on a charge of unlawful sale of narcotics in the Municipal Court of Chicago. On January 25, 1957, after hearing testimony of witnesses and making a notation that written rules to show cause had been filed, the court entered an order revoking and terminating petitioner's release on probation and sentenced him to terms of one to twenty years upon his pleas of guilty in cases 53–1069 and 53–1070, both terms to run concurrently.

■ Petitioner contends: 1. The probation orders are void as having been rendered by the court without statutory authority and without jurisdiction; 2. The orders of probation are illogical in fact and therefore so at law; 3. Defendant was never released on probation and therefore there is no order to be revoked; 4. No pleading to show cause appears in the record

251

upon which any hearing could be had for the purpose of revoking probation.

The people seek to dispose of the case under the rule that the defendant may not attack on writ of error an order of probation which he sought and received in the trial court. People v. Holzapple, 9 Ill2d 22, 136 NE2d 793; People v. Penn, 302 Ill 488, 135 NE 92; People v. Dowd, 27 Ill App2d 429, 170 NE2d 179; People v. Mangos, 306 Ill App 379, 28 NE2d 816.

The court in People v. Penn, 302 Ill 488, 496, 135 NE 92, explained the rule and pointed out its inapplicability to this situation:

> "An absolute want of jurisdiction of the subject matter or cause of action cannot be waived, nor can the doctrine of estoppel be invoked to confer jurisdiction on a tribunal which has not jurisdiction of the subject matter, but where the court has general jurisdiction of the subject matter a lack of jurisdiction of the particular case may be waived by failure to make timely and specific objections, or an invocation of and submission to the jurisdiction may raise an estoppel to deny such jurisdiction. (15 Corpus Juris, 844; Kerr v. Burns, 42 Colo 285, 93 Pac 1120; Dinet v. Eigenmann, 96 Ill 39; Knapp, Stout & Co., v. McCaffrey, 178 id. 107.)"

Petitioner's main premise upon which his appeal stands or falls is that the Probation Act (Ill Rev Stats, 1949, c 38, §§ 784–791) makes no provision for probation except upon "release," and an order purporting to grant probation without "release" is void for lack of statutory jurisdiction.

Petitioner relies upon the case of People v. Wright, 296 Ill 455, 462, 129 NE 819, for the proposition that "there is no authority for sentencing a defendant and

252

suspending the execution of the sentence by making an order that the defendant be admitted to probation." That case is not in point because there the court sentenced and suspended sentence on the same count. Once sentence is imposed it may be satisfied only by actual service of imprisonment. 1 Stanton Illinois Criminal Law and Practice, c 20, § 1531.

The only case which we have found where similar contentions have been made is People v. Huyvaert, 209 Ill App 40. In that case defendant was indicted on an information of twenty-four counts of unlawful sale of intoxicating beverages and a twenty-fifth count of keeping a nuisance. Defendant pleaded guilty on all counts and asked for probation. Probation was granted on twenty-four counts and he was sentenced to costs and fines on the twenty-fifth count. Probation was later revoked and defendant was sentenced under twenty-four counts of the indictment, under some to successive imprisonments, and under others to pay fines. On a writ of error the court stated at 42 and 43:

> "Section 3 of the Act (J & A ¶ 4174) establishing a system of probation provides that the court may grant a release on probation in the discretion of the court, if it shall appear to the satisfaction of the court both that there is reasonable ground to expect that the defendant may be reformed and that the interests of society shall be subserved. The first twenty-four counts were alike, except that the dates of the alleged illegal sales stated in the different counts, under a videlicet, were not all the same. The dates in the first and second counts were the same, and they are practically identical. We do not understand how the court, in the reasonable exercise of a sound judicial discretion, could determine that there was reasonable ground to expect that the defendant might

be reformed and the interests of society subserved by his release on probation as to the last twenty-four counts, and grant that probation, and at the same time come to the contrary conclusion as to the first count. He should have been granted or denied probation as to the entire case."

Although the above language seems broad, a further reading of the case shows that its application was meant to be limited, in the words of the court:

". . . Under the decision of the Supreme Court in the Gaul case, [233 Ill 630], . . . we hold that, while the People can unite in one indictment or information several distinct misdemeanors and there must necessarily be a separate judgment for each separate offense of which the defendant is convicted or pleads guilty, yet the offenses are so far tied together by the indictment that they must be tried at one time, and the judgments must all be entered together as a unit." (45)

In this case there are three separate indictments upon which three separate sentences or combinations of sentences and probations could have been exacted. We hold that a different rule applies where the guilty pleas are on separate indictments and that there is nothing intrinsically repugnant either in fact or at law with being in jail under sentence on one indictment while at the same time being released on probation on a second indictment. Defendant was properly released on probation.

■ ■ There is no merit to the contention of the defendant that the court lost jurisdiction by reason of the delay of more than three and one-half years from the trial to the imposition of the sentences and no merit to the contention that no written rules to show cause preserved in the record to revoke probation demands reversal.

254

The court has the right by virtue of the provisions of the Probation Act, to suspend sentence for a definite period. People v. Penn, 302 Ill 488, 496, 135 NE 92; People v. Cahill, 300 Ill 279, 282, 133 NE 228. The court entered an order of probation for a period of five years and continued the case in accordance with Section 786 of the Act. Ill Rev Stats 1949, c 38, § 786. The court did not lose jurisdiction.

The absence of entry of written rules to show cause does not necessitate reversal. The court in People v. Cahill, 300 Ill 279 stated at 286 and 287, 133 NE 228:

> "The record does show that there was no formal entry of a rule on the defendant, as required by the act, to show cause why his probation should not be terminated and judgment entered, but it does sufficiently appear that there was a hearing before the court upon that very question, and that the defendant undertook to show cause why he should not be sentenced, . . . None of the orders of the court are rendered void because of the fact that the record does not show a formal rule entered to show cause, etc."

The above rule applies to the facts of this case.

Petitioner's last contention is that he was never eligible for probation since he had been convicted of a felony and has not lived for a period of ten years after having served a period of probation for that felony. Ill Rev Stats 1949, c 38, § 785. It does not appear in the record whether petitioner was sentenced in 53–1068 before he was released on probation in 53–1069 and 53–1070, however, it does not matter. All the proceedings were carried on before the same court and about the same time. The court had all the facts before it concerning all three cases before any disposition was made. This is not prior conviction of a felony as referred to in the act.

255

We have given this case careful consideration and conclude that all the proceedings surrounding the probation and revocation of probation were done in accordance with law.

The order revoking and terminating defendant's release on probation and sentencing him on his pleas of guilty is affirmed.

Order affrimed.

BURKE, P. J. and FRIEND, J., concur.