**People of the State of Illinois, Plaintiff-Appellee, v. John Rush, Defendant-Appellant.**

Gen. No. 50,599.

First District, First Division.

June 13, 1966.

[black redacted blocks]

Lawrence F. Doppelt, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and George Samels, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

After a bench trial, defendant, John Rush, was found guilty on October 8, 1963, of the offense of unlawful possession of a narcotic drug, one marijuana cigarette. He was sentenced to the penitentiary for a term of two years to two years and one day. By an order entered on May 27, 1965, the Illinois Supreme Court found that it had no jurisdiction of his direct appeal and transferred it to this court.

After the transfer of the appeal to this court, the State, on December 27, 1965, moved to dismiss the appeal "as moot." The suggestions of the State, filed in support of its motion, show that the Parole and Pardon Board entered an order under date of February 17, 1965, in which defendant was granted a "conditional release" and on April 12, 1965, was released from the peniten-

tiary "on a Conditional Release," and he was "discharged by expiration on his Conditional Release on July 9, 1965."

Because of defendant's objections, the State's motion was taken with the case.

We note that the record shows defendant's abstract and brief were filed in the Office of the Clerk of the Supreme Court on March 20, 1965, and the State's brief was filed in this court on January 24, 1966. After considering defendant's earnest insistence that the facts stated show defendant was given "an improper and excessive sentence," and that it is not clear "that this matter is not moot," we have decided to consider the merits of defendant's appeal and, therefore, the State's motion to dismiss is denied.

On appeal here, defendant contends that the trial court erroneously held that the court was without power to give defendant a suspended sentence. Defendant requests "that the Reviewing Court grant Defendant a suspended sentence forthwith."

At the trial of defendant, who was indicted for possession of a narcotic drug, Police Officer Love Thomas testified that on June 30, 1963, he and his partner answered a call to a tavern at 3805 Cottage Grove Avenue. After speaking to a woman who pointed out defendant, the officer called to defendant and ordered him to halt. The officer then observed defendant reach out to a person and saw a cigarette fall to the ground. Officer Thomas retrieved the cigarette, which contained marijuana. Defendant was immediately arrested and charged with possession of marijuana. Mary Elizabeth Wilson, a witness for the State, testified phoning the police because defendant had threatened her, and she saw defendant drop a cigarette while he was two or three feet away from her. It was stipulated that the cigarette contained marijuana.

After a finding of guilty as charged in the indictment, counsel for the defendant urged the trial court to give

defendant a "suspended sentence." The State objected on the ground "it is not provided for by law," and the trial court remarked, "I would like to. If I start in this way to circumvent the law, Mr. Evins, I feel I would be derelict in my duty. I didn't write the law, and I didn't put in there anything about one cigarette or a ton. If they wanted to do it that way, they should have put it in there. I have no way of disregarding the law as it is on the books. Sometimes we would like to. I don't think I have a right to make a finding of not guilty when I believe he is guilty, just because it was a small amount. It is a minimum of two years."

Defendant contends that section 22–40 (Penalties) of the Criminal Code (Ill Rev Stats 1963, c 38), under which defendant was sentenced, expressly provides for the suspension of sentence for persons convicted of possessing narcotics in certain situations. The portion of the noted section on which defendant relies provides: "No probation or suspension of sentence shall be granted to any violator who has been convicted of any subsequent offense."

Defendant asserts the foregoing "can leave no doubt but that a Trial Judge is so authorized to grant suspended sentences in appropriate situations," such as "any person convicted of a *first* narcotics offense. . . . [T]he legislature, by enacting in the subject statute that there shall be no suspended sentence in convictions of persons convicted of subsequent offenses, clearly intended that in other cases suspended sentences shall be permitted." Authorities cited include City Sav. Ass'n v. International Guaranty & Insurance Co., 17 Ill2d 609, 162 NE2d 345 (1959), where it is said (p 612):

"A familiar principle of statutory construction is that the expression of one thing in an enactment excludes any other, even though there be no negative words prohibiting it. . . . This court has re-

■■■■■■■

fused on some occasions to apply that principle where it would defeat the plainly indicated purpose of the lawmaking body."

See, also, Burrows v. Schulman, 19 Ill App2d 459, 154 NE2d 327 (1958).

Defendant also argues that section 1–7(d) of the Criminal Code (Authorized Penalties) includes the provision, "Except as otherwise provided by law, a person convicted of an offense may be . . ." sentenced as prescribed. Defendant therefore asserts "the possibility of a suspended sentence is specifically provided for by the language" quoted.

Defendant cites People v. Gary, 45 Ill App2d 250, 195 NE2d 437 (1963), as authority for his contention that the trial court has power to suspend a sentence. The State notes that in the Gary case the court was dealing with a matter of revoked probation and the concept of sentence by reason of probation. There, defendant had been given five years' probation, and some three and one-half years later, this was revoked and he was sentenced. The court said (p 255):

> "The court has the right by virtue of the provisions of the Probation Act, to suspend sentence for a definite period. . . . The court entered an order of probation for a period of five years and continued the case in accordance with Section 786 of the Act. . . . The court did not lose jurisdiction."

■■ The State contends that statutory authority is required for the indefinite suspension of a sentence, and the Probation Act in effect at the time defendant was sentenced (sections 784–800 of Chapter 38) contained no such provision. We agree. Although the term "probation" may be equated with "sentence suspension," and perhaps has been so termed from time to time, the Probation Act is specific as to the discretionary power

granted the court and specifically limits the period for release on probation, and no authority is granted to the court to give a defendant an indefinite suspension of a sentence.

■■ We are not persuaded that the statutory provisions cited by defendant can be used to defeat the "plainly indicated purpose" of the Probation Act. From our examination of the authorities of this state on this point, we consider the pronouncements in People v. Penn, 302 Ill 488, 135 NE 92 (1922), to be controlling here. There it is said (pp 494, 495):

> "The effective administration of criminal law requires that one who pleads guilty or is convicted of a violation of the law shall be promptly and certainly punished, and no court has authority to suspend sentence indefinitely in such case. It is the duty of the court to pronounce judgment promptly at the term at which the conviction is had, unless upon a motion for a new trial, in arrest of judgment or for other cause the case is continued for further adjudication, and the defendant by recognizance or being held in custody is still required to answer the charge. If sentence is indefinitely suspended the court loses jurisdiction, and a judgment subsequently entered is void. . . . Before the enactment of the Probation law a trial court had no discretion, as a disciplinary measure, to suspend the imposition of sentence but it was under an absolute duty to pronounce sentence promptly, and that duty was violated whenever an order was made the purpose and natural effect of which was that the defendant should understand that he might never be punished. . . . Whenever, prior to sentence, the accused is permitted to go at large with the understanding that he may escape punishment altogether notwithstanding a verdict or plea of guilty and that his subse-

quent conduct may affect the matter, the court is really exercising a power of probation or parole which does not belong to the court except as it is granted in the Probation act."

■ Moreover, the record does not show that defendant here asked for probation. The record does show that evidence of a prior conviction of a felony was admitted without objection. Since the statutory power to grant probation is withheld from the court where any defendant has been previously convicted of a felony, unless a given period of years has elapsed, we assume from the colloquy between the court and counsel that the court could not properly have granted defendant probation, even though the court was obviously sympathetic with defendant's position. The court said, "I have no way of disregarding the law as it is on the books." We agree.

From this record we conclude the trial court was without statutory power to grant defendant probation or to suspend the sentence imposed upon him.

Therefore, as the sentence imposed was the statutory minimum, the judgment of the Criminal Division of the Circuit Court of Cook County is affirmed.

Affirmed.

KLUCZYNSKI, P. J. and BURMAN, J., concur.