**UNITED STATES of America ex rel. Linwood SLUDER, Petitioner-Appellant,**

v.

**Elza BRANTLEY, Warden, Illinois State Penitentiary, Menard Branch, Respondent-Appellee.**

No. 71–1028.

United States Court of Appeals, Seventh Circuit.

Jan. 6, 1972.

Bruce C. Stratton, Theodore A. Gottfried, Ottawa, Ill., for petitioner-appellant.

Melbourne A. Noel, Jr., William J. Scott, Atty. Gen., Joel M. Flaum, First Asst. Atty. Gen., James B. Zagel, Asst. Atty. Gen., Chicago, Ill., for respondent-appellee.

Before KILEY, CUMMINGS and SPRECHER, Circuit Judges.

KILEY, Circuit Judge.

The question raised by petitioner Sluder's appeal from dismissal of his habeas corpus petition is whether an Illinois trial court denied him due process in allegedly sentencing him—after revoking his probation—solely on the basis of alleged offenses committed during probation. We affirm the judgment of dismissal.

Upon Sluder's plea of guilty in September, 1963 to a fifty dollar burglary charge, the Illinois judge suspended sentence and admitted him to probation. Within three months thereafter Sluder was arrested for violation of probation. After a hearing, probation was revoked

and Sluder was sentenced to a term of 20 to 40 years in an Illinois penitentiary. Sluder appealed and the Illinois Appellate Court affirmed. People v. Sluder, 107 Ill.App.2d 177, 246 N.E.2d 35 (1969). The Illinois Supreme Court denied leave to appeal, and the habeas proceeding before us followed.

At the revocation hearing Sluder was represented by counsel and testified. There was evidence of the kidnapping and aggravated statutory rape of two girls [1] and the taking of indecent liberties with one of the girls [2]—the relevant charges in the state's motion to revoke. The sentencing judge [3]—after a mitigation hearing but before imposing sentence—articulated the reasons for the penalty imposed. The judge's statement is the basis of Sluder's essential habeas allegations: that after revoking probation, the judge in reality sentenced him for the rapes and kidnapping for which he was never tried or convicted, in violation of the Sixth and Fourteenth Amendments. This is shown, he claims, by the 20 to 40 year sentence imposed, so disproportionate to the underlying fifty dollar burglary charge to which he pled guilty.

During the revocation proceedings and prior to imposing sentence, the judge discussed the need of balancing individual liberty of a person on probation and the necessity of separating from society a "person . . . so perverted to the law's requirements" as Sluder "appears to be," in the light of society's need of self-preservation against those bent on its destruction.

The judge reviewed the history of Sluder's criminal offenses, convictions, sentences and parole violations, beginning in 1958. He noted the progression of Sluder's convictions from stealing chickens, to auto theft, to check passing, to the burglary conviction in 1963. He noted also Sluder's two prior parole violations and finally pointed to Sluder's activities during the probationary period —disorderly conduct, assault, and the offenses aired at the revocation hearing. The judge referred to the evidence showing the serious details of one of the rapes, the death threats to both victims, Sluder's threat to "kill" any policeman attempting to arrest him and his contemplation of two bank robberies.

The judge found Sluder had a "wicked and maligned heart . . . utterly abandoned to lawlessness" and dedicated to the harm of his fellow citizens. He then pointed to the failure of a five year effort to rehabilitate him. The judge said that Sluder "must be confined . . . for a sufficient number of years to slow down his physical drives and animal propensities" but with the hope of ultimate freedom. He stated that "no matter" what the sentence, parole would be attainable within twenty years [4]. The judge concluded that 20 to 40 years would protect society as "far as the Judge" could do so while enabling the Illinois Parole Board to release him within a period less than twenty years should Sluder deserve release.

It is clear that the original judge who accepted Sluder's guilty plea and granted probation had hope that Sluder was not beyond redemption and would prove himself worthy during the probationary period. Probation was granted after a stern warning that should Sluder

---

1. Masterson, who had participated with Sluder in the alleged escapade during probation, when the alleged offenses occurred, was found guilty of these offenses and sentenced to a 40 to 60 year term. People v. Masterson, 79 Ill.App.2d 117, 223 N.E.2d 252 (1967).

   At the revocation hearing the two victims testified to the kidnapping and rape.

2. At the revocation hearing Sluder admitted only the taking of indecent liberties.

3. The sentencing judge at the revocation proceedings in December, 1963 was a different judge from the trial judge who accepted Sluder's guilty plea in September, 1963, suspended sentence and granted probation.

4. With time credit for good behavior, Sluder could be paroled sooner than in twenty years. Ill.Rev.Stat. Ch. 38 § 123–2 (1969).

"stub his toe" he could be sentenced for a term of "not less than one year and it may extend to life."

■ Sluder does not here complain of any imperfection in the revocation process, nor does he contend that proof beyond a reasonable doubt was required of the offenses subject of the revocation hearing.[5] And it is not claimed that this court may, in the absence of constitutional claims made against state sentences, review them as such.[6] Nor is it claimed by Sluder that the sentence imposed is outside the minimum-maximum limits for burglary in the Illinois indeterminate sentencing scheme.[7] And Illinois law provides that upon revocation the probationer may be sentenced for a term not to exceed the maximum penalty for the underlying offense. People v. Dowd, 27 Ill.App.2d 429, 170 N.E.2d 179 (1961). With the above considerations in mind, we hold that the district court did not err in dismissing Sluder's habeas petition.

■ We are not persuaded by Sluder's argument that his sentence is void in "that he was sentenced not for the burglary for which he was originally convicted but for the offenses of rape and kidnapping for which he was never charged, tried or convicted."

The record indicates the likelihood that the original judge who granted probation considered somewhat Sluder's criminal history at the time sentence was suspended.[8] The judge who revoked probation and imposed sentence, under the "practice of individualizing sentences," properly considered the proof of the serious offenses subject of the revocation proceedings and which had occurred during probation. But in imposing sentence, the judge was not confined to a consideration of the original burglary offense or of the offenses of which proof was offered at the revocation hearing. Williams v. New York, 337 U.S. 241, 251, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). He also properly considered the defendant's progressive criminal history prior to the 1963 burglary. The judge had a wide discretion in deciding that "the punishment should fit the offender and not merely the crime." Id. at 247, 69 S.Ct. at 1083; North Carolina v. Pearce, 395 U.S. 711, 723, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1968); see also United States v. Trigg, 392 F.2d 860, 864 (7th Cir. 1968).

We think that the sentence imposed was directly related to the original burglary offense as Illinois law required. People v. Turner, 129 Ill.App.2d 24, 262 N.E.2d 379, 381 (1970). The sentence was severe, but that is not to say that it had a federal constitutional infirmity. The penalty was within the limits set by Illinois law, and its severity is not sufficient grounds for relief on federal habeas corpus. A careful reading of the sentencing judge's statement does not persuade us that Sluder's sentence was solely for the rape and kidnapping charges—basis of the revocation of probation—in denial of his Fourteenth Amendment right of due process or Sixth Amendment right to trial. On the contrary, we are persuaded that these offenses shown at the revocation hearing were properly considered with evidence of his other criminal misconduct

5. In 1963 Illinois law provided in pertinent part: "At the conclusion of the [revocation] hearing, when the court determines from a *preponderance of the evidence* that probation has been violated, the court may revoke probation and impose sentence." (Emphasis added.) Ill.Rev.Stat. Ch. 38 § 789.1 (1963).

6. Although Illinois courts of review may reduce sentences under Ill.Rev.Stat. Ch. 110A § 615(b) (4) (1969).

7. A person convicted of burglary shall be imprisoned in the penitentiary for any indeterminate term with a minimum of not less than one year. Ill.Rev.Stat. Ch. 38 § 19-1(b) (1963).

8. The prosecutor had recommended at the time a sentence of from 1 to 3 years.

**1270**

in deciding what sentence was just and suitable for Sluder and Illinois society.

We hold the district court did not err in dismissing the petition.

Affirmed.