**People of the State of Illinois, Plaintiff-Appellee, v. Linwood Sluder, Defendant-Appellant.**

**Gen. No. 69–6.**

Third District.

March 13, 1969.

Rehearing denied April 16, 1969.

Craig Armstrong, of Ottawa, for appellant.

Robert E. Richardson, State's Attorney of LaSalle County, of Ottawa, for appellee.

STOUDER, P. J.

This is an appeal by defendant, Linwood Sluder, from a judgment of the Circuit Court of LaSalle County revoking his probation and sentencing him to a term in the penitentiary of from twenty to forty years. This cause was previously before us and on that occasion we transferred the cause to the Supreme Court believing that the appeal involved only an appeal from a post-conviction proceeding. See People v. Sluder, 91 Ill App2d

301, 234 NE2d 74. The Supreme Court in People v. Sluder, 40 Ill2d 559, 240 NE2d 666, retransferred the cause to this court concluding that we had erred in considering the appeal as one from a post-conviction proceeding explaining that the defendant was seeking a writ of error to review his conviction and sentence and not a review of the post-conviction proceeding.

Defendant has raised two principal issues in his appeal, the first regarding error in the proceeding resulting in the revocation of his probation, and the second relating to violation of due process based on facts preceding his original plea of guilty to the offense of burglary. With respect to the second issue, the Supreme Court in People v. Sluder, supra, concluded that the record failed to demonstrate any respect in which the defendant's right to due process of law had been violated and accordingly, we believe no further discussion of this issue is required.

Defendant was indicted for the offense of burglary and entered his plea of guilty on September 12, 1963. After hearing, defendant was granted probation for a period of three years. Thereafter on December 12, 1963, a petition was filed by the State's Attorney of LaSalle County to revoke the defendant's probation. The petition alleged that the defendant had violated the penal laws of this State by committing the offenses of aggravated kidnapping, rape, aggravated assault and attempted murder, which offenses had occurred after defendant was granted probation. A hearing was had on such petition and evidence of such offenses, including the confession of the defendant was introduced. As a result of the hearing defendant's probation was revoked and he was sentenced to a term of from twenty to forty years in the penitentiary. Defendant was not indicted or prosecuted or otherwise convicted of the offenses which were the basis of the revocation of his probation. His alleged accomplice, Orville L. Masterson, was however indicted, found guilty by a jury and sentenced to a term of from

forty to sixty years in the penitentiary. His conviction and sentence were affirmed in People v. Masterson, 79 Ill App2d 117, 223 NE2d 252.

Chapter 38, Ill Rev Stats 1963, provides in section 117–2(a), "A person admitted to probation shall be subject to the following conditions: (1) not violate any penal statute or ordinance of any jurisdiction. (2) . . . ."

Section 117–3 of chapter 38, Ill Rev Stats 1963, provides for the revocation or modification of probation and in subsection (d) provides, "if the court determines that a condition of probation has been violated, the court may alter the condition of probation or imprison the probationer for a term not to exceed the maximum penalty for the offense of which the probationer was convicted." The offense for which the defendant was originally convicted, burglary, is punishable by confinement in the penitentiary for a term of one year to life. Hence, there is no question that the sentence imposed by the court is within the terms of subsection (d) heretofore quoted.

Defendant argues that his violation of a penal statute may only be shown by introduction of the record of conviction therefor. To permit proof of such a violation by any other means would, according to defendant, in effect deprive him of the benefit of the presumption of innocence which surrounds persons accused of the commission of a criminal offense. In this respect, it should be noted that the defendant does not argue that the evidence presented at the revocation hearing would have been incompetent in an independent criminal action or that such evidence was or would have been insufficient to prove the offense charged, whatever standard of proof might be required. Rather, it is defendant's argument that any evidence of the commission of a criminal offense other than a record of conviction therefor is immaterial and hence, prejudicial.

This question was decided in People v. Price, 24 Ill App2d 363, 164 NE2d 528, and after an extensive review of the Illinois cases, the court held contrary to defendant's assertion in the instant case. The defendant in Price was granted probation after pleading guilty to the offense of larceny. About a year later the State's attorney filed a petition to revoke the probation alleging that the defendant had violated the terms of his probation by committing the offense of rape. Hearing was held on such petition and the defendant's commission of the offense was contested. As a result, defendant's probation was revoked and he was sentenced to a term in the penitentiary. The only difference between the instant case and the Price case is that in Price the defendant was also indicted for the offense of rape, but no prosecution on such indictment ensued. We believe such difference is of no significance. It was the defendant's theory in Price that the State was required to proceed on the indictment and could not proceed with the revocation of probation without first determining defendant's guilt according to the usual criminal procedure. The court held that neither the Probation Act nor any principle of law required that a probationer's violation of a penal statute be first determined in an independent criminal action. That a probation revocation proceeding and a criminal proceeding are independent of one another and, accordingly, the result of one has no bearing on the other is illustrated by the cases of People v. Morgan, 55 Ill App2d 157, 204 NE2d 314, and People v. Kuduk, 320 Ill App 610, 51 NE2d 997.

As observed in Price, a probationer may not be deprived of his right to liberty without being accorded substantial justice. A probationer is entitled to know the nature of the charges against him, to be represented by counsel, and to be accorded a fair hearing.

We believe that People v. Riley, 376 Ill 364, 33 NE2d 872, and People v. Grigsby, 75 Ill App2d 184,

220 NE2d 498, the cases principally relied upon by defendant, are consistent with our view that evidence of a criminal offense is properly considered by a trial court in a probation revocation proceeding. Each case involves alleged improper evidence presented by the State during presentencing hearings after pleas of guilty were entered by the defendants. The cases might be distinguished for the reason that a different type of hearing was involved, but we believe no distinction is required since the rule announced in the cases is equally applicable to probation revocation proceedings. Both cases disapprove of the State's introduction of hearsay evidence of other offenses and in our opinion hearsay evidence either with respect to the offense charged or other offenses would be improper in a probation revocation proceeding.

Defendant's contention that the sentence is excessive follows from his assertion that the trial court had no right to consider evidence of the commission of the criminal offenses. No contention is made that the sentence imposed was disproportionate to the offenses which the court found were committed by the defendant. Since we have held that the evidence of the offenses was properly considered by the trial court we believe it unnecessary to consider the contention that the sentence was excessive.

For the foregoing reasons we find no error in the judgment of the Circuit Court of LaSalle County and, therefore, such judgment is affirmed.

Judgment affirmed.

ALLOY and SCHEINEMAN, JJ., concur.