People of the State of Illinois, Plaintiff-Appellee, v. Joseph Riso, Defendant-Appellant.

Gen. No. 53,861.

First District, Third Division.

September 17, 1970.

Anna R. Lavin and Samuel V. P. Banks, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Paul P. Biebel, Jr., Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

In April 1962 Joseph Riso pleaded guilty to indictments charging him with burglary and attempt burglary. His application for probation was granted and he was placed on probation for concurrent periods of five years, with the first sixty days of each sentence to be served in the County jail.

In January 1967, Riso was arrested by federal authorities for the theft of a valuable painting from St. Joseph's College, Rensselaer, Indiana. In February 1967, a warrant was issued for violation of probation. Also in early 1967, Riso was indicted by the State for the crime of theft which he was alleged to have committed in Novem-

ber 1966. In May of 1967 the probation department moved to include this charge in the violation complaint. The motion was allowed. The complaint was then continued from time to time pending Riso's trial on the federal charge.

Riso was subsequently convicted in the District Court of Northern Illinois of the crime of receiving stolen property which had been transported in the interstate commerce from Indiana to Chicago and was sentenced to the federal penitentiary for eight years. In April 1968, a rule to show cause was issued. The rule included a report of the probation department which summarized the evidence in the federal case and set out the defendant's conviction and sentence. The report further stated that Riso had been reindicted by the State in September 1967 for theft and aggravated battery. The report detailed the facts surrounding the State charges. The rule was again continued from time to time awaiting the outcome of the appeal from the federal conviction. The conviction was affirmed in December 1968 (United States of America v. Riso, 405 F2d 134 (1968)) and the rule to show cause why Riso's probation should not be terminated was called for hearing on January 3, 1969.

Riso's attorney stated that a petition for rehearing would be filed and he requested a further continuance because of this. He also informed the court that the State charges had been nolle prossed. The assistant State's attorney remarked that the rule was based upon the federal conviction and the probation officer asked that the rule be amended to eliminate the State charges. There is no indication in the record that the probation officer's request was granted.

The court inquired whether the allegations in the rule were in dispute. The defendant's attorney responded they were—that Riso denied any involvement in the crime for which he had been convicted. He denied that the stolen

picture was in Riso's possession and said that there was a conflict of evidence as to whether it was found in his auto. The assistant State's attorney replied that the opinion of the court of appeals stated that the picture was found in Riso's car. The court then ordered Riso sworn as a witness and questioned him as follows:

The Court: "Let me ask you, Riso, it is alleged in this rule that the painting that had been stolen was found in your automobile and you were there at the time. Is that true or not?"

Defendant: "Your Honor, on the advice of my counsel, my case is still pending in the Court and he says not to answer any questions."

Upon receiving the above response, the court terminated the probation. After the court sentenced Riso on the original burglary charge, the defendant's attorney interposed a request that "a hearing be had as to whether or not there was in fact a violation." The court responded, "I asked him and he won't answer . . . . It is a simple question of fact." Subsequently, the court stated: "I asked him a simple question and he won't answer the question . . . . It is a question on the rule." The defense counsel objected; he stated that the question, as posed, was difficult to answer. The court suggested that the counsel pose the question himself. A lengthy discussion ensued concerning various aspects of the offense. When the colloquy ended, the court repeated the sentence of one to ten years for the crime of burglary and imposed a one to three-year sentence for the attempt burglary. The one to ten-year sentence was to be served concurrently with the defendant's eight-year federal sentence; the one to three term was to be served after the termination of his incarceration in the federal penitentiary.

■■■

In appealing from the revocation of his probation, the defendant contends that the additional State charges were brought after his probation had expired; that the revocation hearing violated due process of law in that (1) he was punished for invoking his privilege against self-incrimination, (2) no evidence was heard and (3) he was deprived of an opportunity to present evidence in mitigation. It is further urged that the court's failure to conduct a mitigation hearing deprives this court of its right to reduce excessive sentences.

■ ■ The warrant for violation of probation based on the federal charge was issued in February 1967. This was slightly more than two months before the expiration of Riso's five-year period of probation and was in accord with paragraph 117–3(a), chapter 38, Ill Rev Stats 1965:

> "When within the period of probation a petition charging a violation of a condition of probation is presented to the court which admitted the person to probation the court may issue a warrant for the arrest of the probationer."

The issuance of the warrant within the probationary period was sufficient to maintain the court's jurisdiction over the defendant. People v. Cahill, 300 Ill 279, 133 NE 228 (1921); People v. Cirullo, 40 Ill App2d 181, 189 NE2d 381 (1963). The State charge of theft, on the other hand, was added to the violation complaint in May 1967; this was a month after the probationary period had ended. The reindictment of the defendant for theft and aggravated battery was added to the rule in April 1968; this was a year after his probation had terminated. The defendant, however, was in no way harmed by these amendments. The charges had been nolle prossed by the time the revocation hearing took place and the representatives of the State and the probation department indicated that the charges were withdrawn. Although

the court did not rule on the withdrawal motion, the charges were never mentioned during the hearing by court or counsel. The defendant's probation was revoked because of his federal offense not because of the alleged State offenses.

At the start of the hearing Riso's attorney informed the court that the defendant's conviction had been affirmed by the Seventh Circuit Court of Appeals. He also stated that the stolen picture had not been in the defendant's possession and that there was a conflict of evidence as to whether it was found in his auto. These assertions did not square with the reviewing court's opinion. The opinion—copies of which appear to have been in the possession of the trial court and the State's attorney—stated that agents of the Federal Bureau of Investigation saw a confederate hand the picture to Riso and that he shoved it into the trunk of his car and slammed the lid as the agents converged upon him. There was no conflict of evidence at the trial. Riso did not testify and no evidence was presented in his behalf.

■ At the revocation hearing, Riso was given an opportunity to deny the crime. The court asked him whether it was true that the stolen painting was found in his presence and in his automobile. Riso declined to answer on the advice of counsel. The termination of probation at this juncture is the basis for the contention that he was punished for invoking his privilege against self-incrimination. But the defendant invoked no such privilege. He did not refuse to answer the court's question on the ground that his answer might be incriminating. His probation was not terminated because he sought the protection of a constitutional right; it was terminated because at this point there was no triable issue before the court.

■ Further evidence was not required. Riso had been found guilty by a jury of receiving stolen property

knowing that it had been stolen. His conviction and the affirmance of that conviction were admitted by his counsel. The opinion of the reviewing court was at hand. The Court of Appeals specifically found that Riso knew the painting had been stolen. The crime occurred in Chicago. Receiving stolen property is a State as well as federal offense. Ill Rev Stats 1965, c 38, par 16–1(d). Riso's violation of the conditions of his probation had been established in a court of record. There was no need for the State court to go behind the record and review the federal conviction (Cf. People v. Freeman, 49 Ill App 2d 464, 200 NE2d 146 (1964)) and there was no need to hear testimony to see if the evidence preponderated against an accused who had been found guilty beyond all reasonable doubt. Although given the opportunity, Riso did not deny that the stolen painting was found in his presence and recovered from his automobile. Hearing more evidence under all these circumstances would have been a mere technical compliance with form: the essential facts were admitted by the defendant through his counsel and were known to the court; the truth of his violation could not have been more clear.

The court was fair in giving Riso a chance to explain his involvement and quite lenient in postponing the revocation hearing until the federal court passed on his guilt or innocence. A defendant is not entitled, as a matter of right, to have a revocation hearing delayed until a trial is had on a criminal offense alleged to have been committed by him during the period of probation. People v. Smith, 105 Ill App2d 14, 245 NE2d 13 (1969). The hearing was also postponed during the pendency of the appeal. This, again, was beyond the defendant's right. He has no reason to complain that the court refused his request for a further postponement until the petition for rehearing was acted upon. (The petition was

denied a few days later, January 20, 1969; certiorari, too, was denied. 394 US 959, 89 S Ct 1306 (1969).)

██ The arguments pertaining to the absence of a mitigation hearing are without substance. First of all, it is questionable whether such a hearing must be held in a revocation proceeding. The relevant statute only calls for a hearing after conviction. Ill Rev Stats 1965, c 38, par 1-7(g). Riso had had this hearing following his conviction for burglary and attempt burglary and it resulted in his being placed on probation. Secondly, even if a hearing may be required in a revocation proceeding—a question which it is unnecessary to decide— there was no request for one in this case. The defendant's counsel asked for a more extended hearing on the rule to show cause but asked for none in mitigation. There are several Appellate Court cases which hold that a mitigation and aggravation hearing is mandatory prior to sentencing unless it is waived by the defendant. However, the position of this court has been that a hearing is not required unless it is requested by the defendant. People v. Smith, 62 Ill App2d 73, 210 NE2d 574 (1965). The same view is held by the Supreme Court. People v. Nelson, 41 Ill2d 364, 243 NE2d 225 (1968).

The judgment is affirmed.

Affirmed.

SCHWARTZ and McNAMARA, JJ., concur.