THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HUBERT A. DAWES, Defendant-Appellant.

(Nos. 53655, 54300 cons.;

First District—March 18, 1971.

436

Gerald W. Getty, Public Defender, of Chicago, (Harold A. Cowen, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Paul P. Biebel, Jr., Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

In May 1959 Hubert Dawes pleaded guilty to an indictment charging him with obtaining money and goods by means of a confidence game. He was placed on probation for five years and ordered to make restitution of $200.00 a month not only to the original complainants but also to those subsequently discovered. The total sums wrongfully obtained amounted to over $14,000.00. The court admonished Dawes that if restitution was not made his probation would be terminated and he would be sentenced to the penitentiary.

Six months later Dawes appeared before the court pursuant to a rule to show cause. It was alleged that in June 1959 he again obtained money by means of the confidence game. The rule was dismissed, but the amount he owed in restitution was increased by $500.00.

In 1961 he was brought into court upon another rule to show cause why his probation should not be revoked. He had fallen far behind in his payments. The rule was continued over a seven-month period; when it appeared that he had begun complying with the restitution order he was recommitted to probation.

Dawes was charged with similar violations in 1963 and 1964. Hearings were held, but upon assurances that restitution payments would be forthcoming, his probation was not terminated. In 1964, the court extended his probation for two years pursuant to the statute. Ill. Rev. Stat. 1963, ch. 38, par. 117—1 (b).

In May 1966 another rule to show cause was issued. Numerous continuances were permitted to enable Dawes to complete restitution prior to the court's decision upon the rule. He failed to comply and in July 1968 his probation was revoked and he was sentenced to serve from one to six years in the penitentiary.

■■ The defendant appeals from the order revoking his probation and imposing sentence. He argues that the continuation of probation was erroneously conditioned on making restitution. He cites and relies upon *People v. Harpole* (1968), 97 Ill.App.2d 28, 239 N.E.2d 471, where the court held that one who pleaded guilty to a crime could not be denied probation because he had been unable to agree with the complainants as to the amount of restitution. The procedure followed in the present case does not conflict with the decision in *Harpole*. There was no denial of the defendant's application for probation because restitution had not been achieved; rather, the defendant was granted probation so that he might make gradual restitution to his victims. In ordering Dawes to make restitution, the court imposed a condition permitted by law. At the time he was released the Illinois statute specifically stated that probation could be subject to the condition of making "restitution, or reparation * * * within the period of probation to the person or persons injured or defrauded." Ill. Rev. Stat. 1957, ch. 38, par. 787(2).

The defendant further contends that he was not given proper notice of the charges against him, that the trial court did not conduct an adequate hearing and that the State did not maintain its burden of proof. ■■ The contention in reference to inadequate notice is frivolous. The final hearing on the rule to show cause why the defendant's probation should not be revoked was continued several times during a two-year period so that he could make restitution and avoid revocation of pro-

bation. The court twice confined him in the House of Correction to impress upon him the necessity of compliance. At the final hearing, his counsel stated that efforts to obtain money for restitution purposes made while the defendant was in jail, were unsuccessful. There can be no doubt that the defendant was aware of the charges, the purpose of the hearing and the gravity of the situation.

■■ The defendant complains that the hearing was a summary one, that the court failed to consider the complex nature of his construction business which made it difficult to obtain money for restitution purposes, and that he was not given a sufficient opportunity to produce witnesses who might have spoken in his defense. The trial judge indicated his familiarity with the defendant's business. He stated that the defendant had been telling him for years of the difficulties of producing ready cash for restitution purposes. The judge pointed out that if the defendant was serious in his desire to make the required payments he could have obtained the money as he had done to further his business interests. The court emphasized the rights of those defrauded by the defendant as well as the previous efforts to convince him that failure to make restitution was a serious matter. The defendant and his counsel knew the purpose of the hearing and the date it was to be held long enough in advance to have subpoenaed all the witnesses they wished. The hearing was not a summary one. It was merely a culmination of the court's attempts to obtain restitution for the defendant's many victims. The court had all the relevant information necessary to arrive at a decision. For the court to have heard more evidence under the circumstances would have been a mere technical compliance with form. *People v. Riso* (1970), 129 Ill. App.2d 356, 264 N.E.2d 236.

■■ The defendant also contends that he was not given a fair hearing because of damaging statements by a woman with whom he had business dealings. The statements were made by a spectator in the courtroom; she was not called as a witness by the State nor was she under oath. During the defendant's discussion of his business troubles she volunteered remarks concerning a contract she had with him. She clarified her statements when requested to do so.

■■ The penalty imposed when probation is revoked cannot be punishment for offenses committed subsequent to the granting of probation; whatever sentence is imposed is for the offense for which probation was originally granted. (*People v. Smith* (1969), 105 Ill.App.2d 14, 245 N.E.2d 13.) There is no evidence that the sentence given the defendant was influenced by the spectator's remarks. The court had arrived at its decision prior to her remarks and had inquired of the assistant State's Attorney the length of sentence permitted under the statute. The

woman's statements added nothing the court did not know concerning the issue of restitution and the State did not allege that the defendant was guilty of defrauding another party. The court clearly indicated that its decision was based on the defendant's failure to make restitution. The defendant was not prejudiced by what the woman said.

■■ The defendant's final argument is that insufficient evidence was introduced to prove him guilty of violating his probation. Proof of violation need only be shown by a preponderance of the evidence. (*People v. Smith, supra.*) The evidence was uncontroverted that the defendant failed to complete the restitution payments. He was warned of the consequences of violating this condition when he was admitted to probation. Although he was permitted nine years of liberty to accomplish restitution, he disregarded the court's repeated warnings and fell consistently behind in his payments.

The judgment is affirmed.

Judgment affirmed.

McNAMARA, P. J., and SCHWARTZ, J., concur.