The People of the State of Illinois, Plaintiff-Appellee, v. Leslie Latham, Jr., Defendant-Appellant.

(No. 55098; )

First District—April 20, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Ronald P. Katz and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Elmer C. Kissane and Joseph Romano, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

On April 18, 1967, the defendant was convicted of arson. He applied to the court for release on probation and after a hearing the court entered an order placing him on probation for a period of sixty months. Within fifteen months he was convicted of theft. On the basis of that conviction a warrant for violation of probation was issued and a hearing held to show cause why his probation should not be terminated. At the conclusion of the hearing the trial court found that defendant had violated

the terms of his probation and sentenced him to a term of two to five years in the State Penitentiary. On this appeal the defendant's sole contention is that the evidence presented at the hearing does not support the order of the court.

■■ A condition of the probation was that the defendant would not violate any criminal law of the State of Illinois during the probationary period. Defendant admits he was convicted of the crime of theft while on probation, but contends that notwithstanding the conviction, he is innocent of the charge. The property stolen was a watch and at the revocation hearing the defendant testified that the stolen watch found in his possession had been purchased by him from another man. It is not necessary that such testimony be controverted by another full trial for theft in order to establish that defendant violated a condition of his probation. It is well established that probation may be revoked where a violation of the conditions thereof is shown by a preponderance of the evidence. (*People v. Killion*, 113 Ill.App.2d 461, 251 N.E.2d 411; *People v. Carroll*, 76 Ill.App.2d 9, 221 N.E.2d 528.) Considering that the conviction of a crime requires proof of guilt beyond a reasonable doubt, the court in a probation proceeding should attach great weight to the proof of conviction as establishing that the defendant had in fact committed a crime and thereby violated a condition of his probation. In the instant case the trial court weighed the admitted fact of a criminal conviction for the theft of a watch against defendant's testimony as to how the watch came into his possession and concluded there had been a sufficient showing of the violation of a penal statute to warrant the revocation of probation and the imposition of a two to five year sentence in the penitentiary for arson. The judgment of the trial court was supported by ample evidence and is accordingly affirmed.

Judgment affirmed.

LEIGHTON, P. J., and McCORMICK, J., concur.