2 Ill. App.3d 375 (1971)
276 N.E.2d 455
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
KENNETH E. MOSLEY, Defendant-Appellant.
No. 55451.
Illinois Appellate Court  First District.
November 3, 1971.
*376 Gerald W. Getty, Public Defender, of Chicago, (James N. Gramenos, Assistant Public Defender, of counsel,) for appellant.
Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle, and William K. Hedrick, Assistant State's Attorneys, of counsel,) for the People.
Judgment affirmed.
Mr. JUSTICE BURMAN delivered the opinion of the court:
The defendant appeals from a revocation of his probation and the imposition of a sentence of not less than one nor more than three years in the penitentiary.
On February 1, 1969, defendant entered a plea of guilty to auto theft and was placed on probation for a period of three years, the first year to be served in the County Jail. On September 11, 1969, he was released and on March 6, 1970, a rule was entered to show cause why defendant's probation should not be revoked. At the hearing, the State presented a certified copy of defendant's conviction of criminal trespass to a vehicle, dated January 16, 1970, wherein he was sentenced to serve one year in the House of Correction. A charge of auto theft had been nolled.
The defendant contends that the conviction for criminal trespass was improper in that he was not represented by counsel at the trial and that the court erred in using a constitutionally defective misdemeanor conviction as the basis for revoking his probation.
 1, 2 It is established that the defendant made no request for appointed counsel at the trial on the misdemeanor charge. In Illinois, our Supreme Court has held that where a defendant is charged with a misdemeanor *377 and makes no request for counsel, there is no violation of his statutory or constitutional rights by failure of the record to recite that he was apprised of, and expressly waived his right to counsel. People v. Dupree, 42 Ill.2d 249, 256-7, 246 N.E.2d 281, 285, cert. denied, 396 U.S. 1047.
 3-5 More important, is the fact that proof of conviction in the Municipal Department was not necessary to justify a revocation of defendant's probation. To sustain a conviction for a criminal offense, guilt must be proven beyond a reasonable doubt. To revoke probation, on the other hand, guilt need merely be shown by a preponderance of evidence. (People v. Smith, 105 Ill. App.2d 14, 245 N.E.2d 13.) Consequently, a defendant need not be indicted, prosecuted or convicted of the offenses which are the basis for the revocation of his probation. People v. Sluder, 107 Ill. App.2d 177, 146 N.E.2d 35.
In the instant case, defendant was convicted of the misdemeanor of criminal trespass to a vehicle. The trial judge, in the case at bar, however, did not rely solely on proof of the Municipal Department conviction. Instead, he conducted a hearing, at which defendant was represented by counsel, on the offense allegedly committed by defendant while on probation.
It was stipulated that if Anderson Jones were called as a witness, he would testify that he owned a 1962 Buick automobile and that he did not give the defendant or anyone else permission to use it when he locked his car at 5:30 P.M. on December 31, 1969. It was further stipulated that if Officer David P. Retman were called as a witness, he would testify that he stopped the subject 1962 Buick for a traffic violation on January 1, 1970, and that the defendant was the driver of the car. Upon checking the license number he found that it was a stolen car and he arrested the defendant.
Kenneth Mosley, the defendant, took the stand in his own behalf and testified that he was 23 and was living with his mother. He said that he was employed at the Republic Steel Mill, where he earned $312 every two weeks, and that he was working at the time the car was stolen. When arrested in the 1962 Buick, he had just come from a visit to his wife, from whom he was separated. He related that he met his brother-in-law, James Hall, and James Lawrence, one of his brother-in-law's friends, at a tavern and that the latter offered to sell him the subject car for $75. He testified that he was in the process of considering whether to buy the automobile when he was arrested. He told the court that if he had known the car was stolen he would not have been in it. He said he didn't know James Lawrence and did not know where he lived, and that he was unable to get his brother-in-law to come to court because he did not know where to find him. On cross-examination, defendant *378 testified that he picked up the car in front of a lounge called the Wonder Bar, and that he wasn't sure he was going to buy it and was going to return it to the place where he got it.
Not content with the certified copy of the Municipal Department conviction, the trial judge in fairness to the defendant conducted a full and fair hearing in which he gave the defendant a full opportunity to explain the events leading up to his arrest de novo and to persuade the court not to terminate his probation. The court concluded that the facts on which defendant was convicted of criminal trespass were nearly identical to those on which he was granted probation. The trial judge said, "I can't envision getting into an automobile that he was going to buy for $75 without checking out the guy's ownership and title and things of that sort. * * * You don't buy a car from a stranger for $75, a fellow up before on a car theft charge. It doesn't make sense and destroys all your credibility on the story that you tell. I can't just envision you walking into a situation like that."
The defendant received a fair hearing by the court before his probation was revoked. We find no error in the judgment of the circuit court and such judgment is therefore affirmed.
Judgment affirmed.
ADESKO, P.J., and DIERINGER, J., concur.