THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EUGENE WARD (Impleaded), Defendant-Appellant.

(No. 55596;

First District—March 17, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Edward J. Downs and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James E. Sternik, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Defendant appeals from a sentence of four to ten years after revocation of probation. On appeal he contends that the State failed to prove by a preponderance of the evidence that the defendant violated the terms of his probation and that the sentence imposed was excessive.

On July 23, 1969, Eugene Ward, the defendant, pleaded guilty to a charge of armed robbery and was placed on five years probation with the first year to be served in the County Jail.

On June 9, 1970, a warrant was issued for violation of probation. The warrant was based on defendant's arrest and conviction for criminal trespass to a vehicle. On August 18, 1970, a hearing was held on the rule to show cause why probation should not be terminated.

Mr. Pines, a probation officer, reviewed the history of the case and then told the court that on June 9, 1970, the defendant was convicted of the charge of criminal trespass to a vehicle and sentenced to 60 days in the County Jail and that defendant was also found guilty of four traffic offenses.

Counsel for the defense then stated that there was no question about the finding of guilty on the charge of criminal trespass.

Officer Olejnicsak testified concerning the details of the arrest of the defendant for criminal trespass and the issuance of traffic tickets to defendant.

The defendant then testified that he was only a passenger in the stolen vehicle and did not know it was stolen until after he had been

riding in it. He admitted he had been found guilty of criminal trespass and that he was sentenced to 60 days. Defendant's attorney then stated that he realized "that the conviction amounts to a violation of probation" but urged the court to reinstate probation.

The court terminated probation and sentenced the defendant to four to ten years.

*Opinion*

Defendant's first contention is that the State failed to prove by a preponderance of the evidence that the defendant committed the crime of criminal trespass.

■■ Since both the defendant and his counsel admitted that defendant had been convicted of the crime of criminal trespass, no formal proof thereof was necessary. See *People v. Walker*, (Ill.App.First Dist. No. 54729), 270 N.E.2d 159 (abst.).

■■ Defendant's final contention is that his sentence was excessive. In support of this contention he cites *People v. Livingston*, 117 Ill.App.2d 189, 254 N.E.2d 64, and other cases in which sentences were reduced. Each case, however, must be decided on its own facts, and the cited cases do not, in our opinion, control our decision in this case. Rather do we believe that defendant's actions while on probation justified the trial court in losing confidence in defendant's rehabilitation possibilities. See *People v. Ford* (1972), 4 Ill.App.3d 291.

The sentence imposed for this crime of violence was within the statutory limits * and the record is devoid of mitigating circumstances.

We find no reason to reduce the sentence.

The judgment and sentence are affirmed.

Judgment affirmed.

LORENZ, P. J., and ENGLISH, J., concur.

---

* Ill. Rev. Stat. 1969, ch. 38, par. 18—2. *"Armed Robbery.*

(b) Penalty. A person convicted of armed robbery shall be imprisoned in the penitentiary for any indeterminate term with a minimum of not less than 2 years."