THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID ANGULO, Defendant-Appellant.

(No. 71-219; ▮▮▮▮▮▮▮▮

Third District—July 7, 1972.

STOUDER, P. J., specially concurring.

James Geis, of Defender Project, of Ottawa, for appellant.

Edward Petka, Assistant State's Attorney, of Joliet, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant David Angulo was placed on probation by the Circuit Court of Will County following a plea of guilty to the crime of burglary with Intent to Commit Rape. His probation was fixed at a period of 5 year with the first year to be served at Vandalia.

On August 10, 1970, following the service of a year at Vandalia, a petition was filed to revoke defendant's probation. As a result of a hearing conducted by the trial court, the court found that the probation should be revoked for the reason that defendant had committed an Aggravated Battery upon a woman named Jeanne Real. Following receipt of a probation report, the trial court revoked probation, and sentenced defendant. Angulo to a term of imprisonment of not less than 3 nor more than 7 years. Defendant was to be given credit for the 5-month period he had spent in the Will County Jail awaiting disposition of his case.

It appears from the record that defendant (in the burglary case in which he pleaded guilty) had entered a dwelling forcibly and wrestled with and struck a female babysitter, but, when she complained that he had awakened the children, he apologized, stating that he meant no harm and that she was not the person that he had intended to see. He was 22 years of age at the time of the offense. He had been fined as a result of convictions of relatively minor offenses previously, and had a serious problem with alcoholic liquors which apparently induced his erratic behavior. In the second offense, under consideration as a basis for revocation of probation, after he had served the 1 years in Vandalia, defendant had pursued a female, pulled her out of her automobile and dragged her along a public way for about 75 feet for the announced purpose of having sexual relations with her. The court found that defendant had committed an Aggravated Battery upon this individual, as we have indicated and revoked his probation.

The sole issue before us on review is whether the sentence of 3 to 7 years which was imposed upon revocation of probation is excessive and disproportionate to defendant's burglary offense and should be reduced.

■■ Defendant cites *People v. Turner*, 129 Ill.App.2d 24, 262 N.E.2d 379, in which we reduced the maximum sentence of a defendant, following a violation of probation which also involved a plea of guilty to burglary. In that case where the defendant was 24 years of age and where it was his first offense and where only a 2-year period of probation had been imposed, defendant had broken a window while intoxicated and took certain articles. We felt that the fixing of a 10-year maximum sentence was not consistent or proportionate to the nature of the original offense involved and modified the sentence to a term of 2 to 4 years. As we had indicated in the *Turner* case, however, a reviewing court should not disturb a sentence unless it clearly appears that the penalty constitutes a great departure from the fundamental law in its spirit or purpose or that it violates constitutional provisions which require that penalties shall be proportionate to the nature of the offense. We pointed out that *People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673, indicated that a reviewing court should proceed with caution in modifying the penalty imposed by the trial court.

■■ In the *Turner* case where only a 2-year probation period had been imposed initially, upon violation of probation a 2-year prison term was imposed but the maximum was fixed at 10 years. We concluded that the maximum was disproportionate to the nature of the offense. In the instant case, a 5-year probation period with 1 year to be served at Vandalia was initially imposed. Following probation violation, the penalty

was fixed at not less than 3 nor more than 7 years. In view of the fact that a trial court is normally in better position to assess not only the qualities of a defendant but also his probable potential for rehabilitation and the need for guidance or penal supervision, we cannot say that the penalty imposed was so disproportionate to the nature of the offense as to require intervention by this Court.

Upon a review of the record, we find that the trial court fixed the punishment of defendant in this cause within the limits prescribed by the legislature, and we do not feel that we should disturb the sentence since it does not clearly appear that the penalty constitutes a great departure from fundamental law in its spirit or purpose.

For the reasons stated, the judgment of the Circuit Court of Will County is affirmed.

Judgment affirmed.

SCOTT, J., concurs.

Mr. PRESIDING JUSTICE STOUDER specially concurring:

I agree with the result reached in the majority opinion. However I believe there is a certain ambivalence in the rationale for reviewing a sentence imposed after probation has been revoked.

Both the legal and practical effect of a revocation of probation is that a prior sentence is revoked. After probation is revoked whatever the trial court does is a new sentence or at least a re-sentence. In other cases cited there seems to be a disinclination to refer to a new sentence since the theory does not comport with our ideas of finality accorded the original sentence. The same problem is presented by a post conviction proceeding under Sec. 122 of Chap. 38, Ill. Rev. Stat. 1971.

Without proposing to explain or justify revocation proceedings in terms of finality our reluctance to consider a new sentence for what it is has obscured the function of the trial court in imposing a new sentence after probation revocation and in our review of such sentence.

It seems to me that a proper sentence must take into account not only the original offense for which probation was granted but also the intervening conduct including that which may have precipitated the revocation proceedings. Whether a defendant is or is not being sentenced for later misconduct is not the issue for in any real sense a new sentence does take such misconduct into account. To impose or review a sentence on any other basis is an illusion. The language regarding a sentence imposed after revocation seems to have been intentionally obscure in order to avoid due process problems involving the intervening mis-

conduct. That there may be such problem should not mean that courts ought to ignore the reality of the situation.

If the propriety of the sanction imposed is determined by considering the original offense and the subsequent misconduct (aggravated battery) which the defendant concedes occurred, then I believe the action of the trial court is proper.