The People of the State of Illinois, Plaintiff-Appellee, *v.* Sampson Hardy, Jr., Defendant-Appellant.

(No. 70-189;

Third District—December 7, 1972.

STOUDER, P. J., specially concurring.

James Geis, of Defender Project, of Ottawa, for appellant.

Roland N. Litterst, Assistant State's Attorney, of Peoria, for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Sampson Hardy Jr., was found guilty of theft in the Circuit Court of Peoria County and on January 10, 1969 was admitted to a three year term of probation, the first year to be served in Peoria County Jail. On August 11, 1970, after a hearing, Hardy's probation was revoked and he was sentenced to not less than three years nor more than five years in the penitentiary. The court revoked probation after finding that defendant had (1) committed the offense of Unlawful Use of Weapons, (2) entered an establishment that served liquor, and (3) failed to pay court costs.

Defendant contends first, that the sentences was based on the acts which justified the revocation of probation rather than the crime of theft for which he was convicted.

The record here indicates that the court was fully aware that the penalty imposed could only be for the offense for which the defendant had been convicted. The trial judge did, however, express the view that the seriousness of the act or acts which justified revocation could be considered. We agree, and quote extensively from *People v. Ford*, 4 Ill. App.3d 291, 280 N.E.2d 728;

"Upon revocation of a defendant's probation, he should properly be sentenced for the original crime or crimes of which he had been convicted, and not for whatever act of delinquency had caused the revocation of his probation. (Ill. Rev. Stat. 1967, ch. 38, par. 117—3 (d); *People v. Livingston*, 117 Ill.App.2d 189, 192, 254 N.E.2d 64, 65.) The fact that defendant can be sentenced only for his original crime does not mean that the sentence imposed upon revocation of probation must be the one which the trial court would have imposed had probation not been granted and violated. The Court, upon revocation of probation, may sentence defendant for a term not to exceed the statutory limits prescribed by law for the original offense. (Ill. Rev. Stat. 1967, ch. 38, par. 117-3 (d); *People v. Smith*, 105 Ill.App.2d 14, 17, 245 N.E. 2d 13, 15.) Ordinarily, there is no way of knowing what sentence would have been imposed by a judge had he not granted probation. * * * It is our belief, however, that a sentence higher than one which a court might originally have had in mind, may properly be imposed upon probation revocation, not to punish defendant for his subsequent acts, but to reflect the court's reassessment of the defendant's rehabilitation potential.

When imposing a sentence, the court must consider in detail not only the acts committed, so as to proportion the penalty to the seriousness of the offense charged, but it must also, by statutory command, take full cognizance of all factors relevant to the rehabilitation potential of defendant as an individual. (Ill. Rev. Stat. 1967, ch. 38, par. 1—2 (c).) This potential is extremely difficult to recognize and can be assessed in good faith only after the court has learned everything it possibly can about the defendant, his attitude and his background. It would be a fine thing indeed, if a judge could have the prescience which would enable him to assay a defendant's rehabilitation or possibility of rehabilitation a year or more in the future but this we are denied. All we can do is rely on the best and fullest information available at the latest possible time, which, of course, is the very moment of sentencing. If this be true, and we believe it is, then how absurd it would be to require a judge to eliminate from his thoughts all knowledge of defendant which he has acquired during the months or years which may have passed since he admitted defendant to probation. We can agree with defendant that the sentences to be imposed must be for the original crime or crimes and not for the crime which constituted the probation violation. But it is a different matter altogether to foreclose the sentencing judge from

considering the latter crime to determine the defendant's rehabilitation possibilities which the statute requires him to do. * * * We cannot agree in this case that the fact of defendant's having committed a crime while on probation and within five weeks of his release from jail 'has no bearing' upon his potential for rehabilitation, or, conversely, his propensity for criminal activity."

The United States Court of Appeals, Seventh Circuit has recently, in the case of *United States of America ex rel. Sluder v. Brantly, Warden* (1972), 454 F.2d 1266, considered the question. Upon a plea of guilty to a fifty dollar burglary charge Sluder was given probation. Within months, probation was revoked and Sluder was sentenced to a term of 20 to 40 years. The sentencing judge articulated the reasons for the penalty imposed, and without doubt considered the subsequent delinquencies. Sluder appealed and this court affirmed. (*People v. Sluder*, 107 Ill.App.2d 177). A *habeas corpus* proceeding in Federal court followed.

The Federal court said, "*The judge who revoked probation* and imposed sentence, under the 'practice of individualizing sentences' *properly considered the proof of the serious offenses subject of the revocation proceedings and which occurred during probation* * * *. We think that the sentence imposed was directly related to the original burglary offense as Illinois law required * * * we are persuaded that *these offenses shown at the revocation hearing were properly considered with evidence of his other criminal misconduct in deciding what sentence was just and suitable for Sluder and Illinois society.*" (Emphasis supplied.)

■■ The defendant in the case at bar also contends that his sentence is excessive in that he is really only a first offender since his subsequent conduct may not be considered. He contends that the breach of trust reflected by violation of probation is not an appropriate factor to be considered. We believe that what has previously been stated herein disposes of this argument. We have found no facts which could mitigate the sentence imposed by the trial judge. *People v. Nelson*, 41 Ill.2d 364.

Judgment affirmed.

SCOTT, J., concurs.

Mr. PRESIDING JUSTICE STOUDER specially concurring:

I concur in the result reached by the court as well as the reasoning because as indicated in my special concurring opinion in *People v. Angulo*, 6 Ill.App.3d 475, there is no way of justifying or reviewing a sentence imposed after probation has been revoked without considering the subsequent misconduct. Decisions which suggest that a probation violator is not being punished for the misconduct which resulted in the

probation revocation ignore reality in order to avoid other problems which are obscured by such rationalization.

The principal problem is whether we are justified in continuing to approve the summary nature of the probation revocation proceeding and its limited procedural due process. There can be little doubt that a person found guilty of a criminal offense occupies a position different from a person merely accused of an offense but so far as constitutional safeguards are concerned such convicted person should continue to be entitled to constitutional protections except in so far as they may not be applicable or appropriate to the changed status.

Although not raised as a specific issue on this appeal the fact that the punishment and its justification is related directly to the subsequent misconduct calls attention to the procedure by which the subsequent misconduct is established. If the probationer is quantitatively punished for his subsequent misbehavior in itself amounting to a criminal offense, the question arises as to what standards should be applicable.

After sentencing defendant to a term of from 3 to 5 years in the penitentiary the court made the following observation, "* * * let me explain specifically, that I fix this penalty for the violation of the provision that he not disobey any penal laws and the finding of the Court that he has disobeyed the law insofar as unlawful use of weapons. I could also indicate that I did find that if Paragraphs 'A' and 'B' alone had been proved, I would have fixed a penalty at six months in the County Jail, but that I will let that penalty run concurrently with the sentence of three to five years for the other violation." About a week later the judge attempted to clarify or explain the foregoing quotation by indicating the individual penalties were specified to avoid any problem which might arise if on review the evidence of illegal use of a weapon was deemed insufficient. Both the quotation and the judge's explanation demonstrate the clear relationship between the sentence imposed and the misconduct for which it was imposed.

In *Mempa v. Rhay* (1967), 88 S.Ct. 254, 389 U.S. 128, 19 L.Ed.2d 336, the Court observed;

> "The two foregoing factors assume increased significance when it is considered that, as happened in these two cases, the eventual imposition of sentence on the prior plea of guilty is based on the alleged commission of offenses for which the accused is never tried.
>
> In sum, we do not question the authority of the State of Washington to provide for a deferred sentencing procedure coupled with its probation provisions. Indeed, it appears to be an enlightened step forward. All we decide here is that a lawyer must be afforded

at this proceeding whether it be labeled a revocation of probation or a deferred sentencing."

The foregoing statement recognizes a basic dilemma in the probation revocation system namely that a person is being punished for criminal offenses of which he has not been convicted thereby at least raising the procedural due process questions. Unlike other states Illinois has for some time both by decision and statute required representation by counsel or waiver thereof at probation revocation proceedings indicating that our standards are in a course of evolution along with other aspects of our sentencing procedures. (*People v. Coffman,* 83 Ill.App.2d 22, 227 N.E.2d 108.) I think this case illustrates the need for re-examination of our probation revocation system where subsequent criminal offenses are involved.