THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWARD WITHERSPOON, Defendant-Appellant.

(No. 55460;

First District—December 13, 1972.

Gerald W. Getty, Public Defender, of Chicago, (James N. Gramenos and Bernard L. Schwartz, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, Albert Rosendahl, and Mark Zubor, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant, Edward Witherspoon, while on probation, was charged with attempt to commit aggravated assault. The defendant had been found guilty of robbery on July 17, 1969, in a bench trial. He was placed on probation for five years with the first 6 months to be spent in the House of Correction. On January 12, 1970, a warrant for violation of probation was issued. A hearing was had on March 3, 1970, before the Judge who had placed defendant on probation. He was found guilty of

violation of probation which was revoked and terminated and he was sentenced to not less than five, nor more than ten years in the Illinois State Penitentiary on the robbery conviction.

At the hearing of the violation of probation, defense counsel objected to the proceeding wherein the court heard the defendant's probation violation before disposing of the pending criminal charges. Defense counsel claimed that defendant was not tried in conformity with the law that provides for proof beyond a reasonable doubt. When defense counsel was asked by the court on what legal grounds he was resting his objection, he answered he had none.

Defendant raises three issues on appeal claiming that the trial court erred in imprisoning him under a civil procedure allowing a preponderance of the evidence rather than the criminal standard requiring proof beyond a reasonable doubt; in failing to hold a hearing in mitigation; and in imposing an excessive sentence of five to ten years to be served in the penitentiary.

During the hearing of defendant's probation violation after the plaintiff rested, defense counsel asked for a continuance to procure a witness for the defendant or a stipulation as to what said witness would testify. The State agreed except it would not stipulate to the truth of said testimony. The court was then advised that said witness would testify that defendant accompanied the witness on the night of December 30, 1969, not knowing that said witness was to rob the service station; that the weapon belonged to the witness; that defendant never had possession of the weapon; and that defendant did not know that he did rob the gas station until he was subsequently apprehended. Certainly defendant cannot now complaint that the trial court was not advised of said witness' testimony.

The Statute in effect at the time of the probation violation, Ill. Rev. Stat. 1967, chapter 38, section 117—2(a) (1) provided:

> "A person admitted to probation shall be subject to the following conditions:
>
> (1) Not violate any penal statute or ordinance of any jurisdiction."

Said Statute provides further in section 117—3(d):

> "If the court determined that a condition of probation has been violated, the court may alter the conditions of probation or imprison the probationer for a term not to exceed the maximum penalty for the offense of which the probationer was convicted."

At the hearing of the violation of probation in the instant case, the trial judge determined that the condition of probation was violated and imposed a penitentiary sentence for the defendant's robbery conviction.

The defendant, insisting that the standard of proof beyond a reasonable doubt be applied, relies on a U.S. Supreme Court holding in *In re Winship*, 397 U.S. 358. That case involved a New York Statute allowing a defendant in a juvenile delinquency proceeding to be convicted of charges brought against him by a preponderance of evidence. The U.S. Supreme Court found the New York procedure to be violative of the due process clause holding that said clause protects an accused against conviction except upon proof beyond a reasonable doubt of every fact to constitute the crime with which he is charged. On the strength of this decision, the defendant in the instant case urges that we rule that any criminal proceeding which subjects an accused to possible incarceration must require proof of guilt beyond a reasonable doubt. We find that the case of *In re Winship* has no application to the issues involved in the instant appeal.

■■ In a violation of probation hearing the State has the burden of proving a violation of probation. It may do so on a preponderance of evidence. The defendant in this case had been found guilty of the crime of robbery by proof beyond a reasonable doubt.

■■ In *People v. Sluder*, 107 Ill.App.2d 177, 246 N.E.2d 35, the court held that neither the Probation Act nor any principle of law required that the probationer's violation of a penal statute be first determined in an independent criminal action. A probation violation proceeding and a criminal proceeding are independent of one another. A defendant need not be indicted, prosecuted or convicted of the offenses which are the basis for the revocation of probation.

This court adheres to the rule that in probation violation hearings, proof of violation of probation need be established by a preponderance of evidence. This rule has been established in a long line of decisions. *People v. Morgan*, 55 Ill.App.2d 157, 204 N.E.2d 314; *People v. White*, 98 Ill.App.2d 1, 239 N.E.2d 854; *People v. Smith*, 105 Ill.App.2d 14, 245 N.E.2d 13; *People v. Latham*, 132 Ill.App.2d 823, 270 N.E.2d 563; *People v. Tempel*, 131 Ill.App.2d 955, 268 N.E.2d 875.

■■ Defendant's second point on appeal is that the defendant had no opportunity to present evidence by way of mitigation before either the probationary sentence or the penitentiary sentence was imposed. At the end of defendant's trial on the original charge after the finding of guilty, the prosecutor advised the court that the State had nothing by way of a prior conviction of the defendant to offer in aggravation. At this moment the defendant had an opportunity to present any evidence by way of mitigation. The defense failed to do so. Failure to present mitigating circumstances waives the right to present the issue on appeal. The Illinois Supreme Court has consistently held that the failure to request a

hearing in aggravation and mitigation constitutes a waiver. (*People v. Rummerfield*, 4 Ill.2d 29, 122 N.E.2d 170; *People v. Wakeland*, 15 Ill.2d 265, 154 N.E.2d 245; *People v. Municz*, 31 Ill.2d 130, 198 N.E.2d 855; *People v. Nelson*, 41 Ill.2d 364, 243 N.E.2d 225.) The record of the instant appeal disclosed that the trial court heard all the evidence presented at the hearing and was fully informed about the defendant.

■■■ Defendant's final issue on appeal is that the sentence imposed was excessive and should be reduced. A reviewing court has the power to reduce sentences imposed by a trial court and should do so where the penalty is not proportionate to the crime. The penalty for robbery is one to twenty years in the penitentiary. The penalty imposed by the trial court was five to ten years and is within the penalty prescribed by the Statute for the crime of which the defendant was convicted. The exercise of the trial court's discretion will not be disturbed.

The judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.