THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWARD BROOKS, Defendant-Appellant.

(Nos. 56682, 56683 cons.;

First District (2nd Division)—July 31, 1973.

James J. Doherty, Public Defender, of Chicago, (Suzanne Kohut and Robert Gevirtz, Assistant Public Defenders, of counsel,) for appellant.

94

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Patricia Bobb, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Defendant, Edward Brooks, was charged in two indictments with attempt rape and indecent liberties with a child, and with rape, indecent liberties with a child, and contributing to the delinquency of a minor. On April 15, 1970, defendant pleaded guilty to the charge in each indictment of indecent liberties with a child.* He was granted probation for five years, with the first year to be served in Cook County Jail with credit for the four months served awaiting trial.

On November 20, 1970, while still on probation, defendant was arrested for armed robbery. The charge was reduced to petty theft, and, on December 23, 1970, defendant was found guilty and sentenced to serve nine months in the House of Correction. On March 24, 1971, a warrant was issued for defendant's arrest based on his failure to report to his probation officer. On August 13, 1971, a rule to show cause why defendant's probation should not be revoked was issued.

On September 3, 1971, a hearing was conducted on the rule to show cause. Defendant appeared with the same counsel who represented him at his April 15, 1970, court appearance. Defendant, through his counsel, stipulated that he had been convicted of petty theft on December 23, 1970. The report of proceedings in that case was introduced into evidence.

Defendant's counsel suggested to the trial judge that, based on the transcript of the petty theft conviction, the evidence did not support a finding of guilty in that case, and should not be a basis for a finding of violation of probation. Counsel stated that defendant's counsel in that proceeding was incompetent. The trial judge then stated: "I am not sitting as a reviewing judge, I can't review another judge's order." Counsel argued that the law allows the trial court to "go behind the conviction" in order to look at the facts of the case. The trial judge responded that he could not do that.

A hearing in aggravation and mitigation was then held, wherein the prosecution stated that defendant had been convicted of petty theft on April 3, 1969. Defendant then proclaimed his innocence in connection with the petty theft conviction of December 23, 1970, and further stated that he did not have time to consult with his attorney prior to that trial. The trial judge stated: "I read the transcript. I wish I could go

* Ill. Rev. Stat. 1969, ch. 38, par. 11—4.

behind the transcript, I can't, there has been a finding." An order was then entered revoking defendant's probation, and sentencing him to concurrent terms of not less than four or more than five years in the penitentiary.

On appeal defendant requests that his sentence be set aside, and probation reinstated. He contends that "the trial judge erred in ruling that he could not go behind the conviction which was the basis of the probation violation even though the court apparently believed that there was insufficient evidence on which to base a finding of probation violation."

The conditions of probation, as enumerated in Illinois Revised Statutes, 1971, ch. 38, par. 117—2, are in pertinent part:

> "(a) A person admitted to probation shall be subject to the following conditions:
>
> (1) Not violate any penal statute or ordinance of any jurisdiction."

Subsequent to provisions concerning a hearing on the issue of probation violation, Illinois Revised Statutes 1971, ch. 38, par. 117—3 (d) provides:

> "If the court determines that a condition of probation has been violated, the court *may* alter the conditions of probation or imprison the probationer * * *." (Emphasis added).

■■ Termination of probation is a question which rests in the sound discretion of the trial judge, and his decision will not be overturned absent a clear showing of abuse. (*People v. Williams*, 130 Ill.App.2d 192, 264 N.E.2d 589.) A violation of probation must be shown by a preponderance of the evidence. *People v. Crowell*, 53 Ill.2d 447, 292 N.E.2d 721.

Proof of a violation of a penal statute or ordinance by a preponderance of the evidence may result in revocation of probation. (*People v. Crowell, supra; People v. Lee*, 5 Ill.App.3d 421, 283 N.E.2d 740.) A trial judge, in his discretion, however, may allow a defendant to explain the circumstances surrounding his subsequent conviction. (See *People v. Ward*, 4 Ill.App.3d 631, 281 N.E.2d 703; *People v. Mosley*, 2 Ill.App.3d 375, 276 N.E.2d 455.) However, it is not necessary for a trial judge to conduct a trial de novo or to "go behind" the record of conviction. *People v. Latham*, 132 Ill.App.2d 823, 270 N.E.2d 563; *People v. Riso*, 129 Ill. App.2d 356, 264 N.E.2d 236.

■■ In the instant case, the trial judge stated that he could not look behind the transcript to the facts of the petty theft conviction. However, he did read the transcript and did give defendant an opportunity to testify in mitigation as to his conviction for petty theft. Defendant testified

that he again would plead not guilty to that charge. He was afforded an opportunity to explain the circumstances surrounding his conviction, but merely stated that he did not have an opportunity to consult with his attorney prior to that trial. Defendant's counsel requested the trial judge to find that, on the basis of the report of proceedings, there was insufficient evidence to support a finding of conviction of petty theft. The trial judge read the transcript, and we must conclude that he determined that there was evidence to support defendant's conviction for petty theft, and to warrant probation revocation. Defendant's allegation, that the trial judge apparently believed that there was insufficient evidence on which to base a finding of probation violation, is mere speculation which is unsupported by the record. There is no mention of facts which would substantiate this allegation.

Therefore, the order of the court is affirmed.

Affirmed.

HAYES and DOWNING, JJ., concur.