**People of the State of Illinois, Plaintiff-Appellee, v. Steve Ira Turner, Defendant-Appellant.**

**Gen. No. 69–98.**

Third District.

September 11, 1970.

■

Theodore A. Gottfried, of Ottawa, for appellant.

James N. De Wulf, State's Attorney of Rock Island County, of Rock Island, for appellee.

ALLOY, J.

Defendant Steve Ira Turner was found to have violated his probation and was sentenced for the crime of burglary to which he had previously pleaded guilty. The sentence was fixed at two to ten years.

The record shows that defendant and a Mr. Bleyaert broke a window in a display case with a pop bottle and took two tape recorders. Defendant was drunk at the time of that crime. The tape recorders were thereafter returned. On February 13, 1968, defendant pleaded guilty to burglary and was granted probation for a two-year period. Approximately a year later on March 19, 1969, a probation revocation hearing was held. At the hearing there was extensive evidence offered of defendant's escapades along with several other boys and two girls, ages 13 and 14, who represented themselves to be age 16. These two girls had run away from home and had spent part of the first night with a man. On the next day, as the two girls walked past a gas station, four boys, one of whom was defendant, called to them and they began talking. They got into a car with two of the boys and later ended up in defendant's apartment. The girls drank beer in defendant's apartment and spent time in the bedroom with various boys. One of the girls testified she had sexual intercourse with defendant. Defendant denied that he had sexual intercourse with the girl, but testified as to other improper sexual conduct with her while she spent the night in his apartment, along with the other girl and three other boys. Defendant testified that he thought both the girls were 16. The record shows that the girls were of very low moral character.

25

Two witnesses, defendant's employers, testified at the hearing as to defendant's honesty. The president of a Moline furniture and appliance business stated that he had loaned the defendant his car several times and that defendant always brought it back when he said he would. His partner testified that defendant had the keys to two of his stores which housed merchandise worth $175,000, and that the employers trusted defendant and felt that defendant should be put on probation. Following such hearing, the trial judge sentenced defendant on the original burglary conviction to a sentence of two to ten years. On appeal in this Court, defendant contends that the sentence is excessive and requests the Appellate Court to exercise its statutory power to reduce the sentence.

While there is no question that there was sufficient evidence of a probation violation, the sentence which was imposed in this case should relate directly to the crime of burglary and should not be a sentence for any possible crime committed after probation (People v. Morgan, 55 Ill App2d 157, 204 NE2d 314; People v. Smith, 105 Ill App2d 14, 245 NE2d 13). Under the terms of 1969 Ill Rev Stats, c 110A, Supreme Court Rule 615b (4), the reviewing court is authorized to modify sentences imposed by trial judges by reducing punishment imposed in the trial court.

As stated in People v. Taylor, 33 Ill2d 417, 211 NE2d 673, a reviewing court should proceed with caution in modifying the penalty imposed by the trial court. The court stated there that where it is contended that the punishment in a particular case is excessive, though within the limits prescribed by the legislature, a reviewing court should not disturb the sentence unless it clearly appears that the penalty constitutes a great departure from the fundamental law in its spirit or purpose or that it violates section 11 of Article II of the Illinois Constitution, which requires that all penalties shall be proportionate to the nature of the offense. In People v. Grigsby, 75

Ill App2d 184, 220 NE2d 498, where a five to fifteen-year sentence was reduced to two to five years, the defendant had pleaded guilty to burglary with intent to commit theft. The Appellate Court after citing the Taylor case referred to, which stressed caution in reducing sentences, stated that to countenance the sentence in that case would emasculate the obvious intent of the policy of the statute providing for review and reduction of sentence. In the Grigsby case, the defendant (age 27) was not armed when the crime was committed and it was his first offense. In People v. Marshall, 96 Ill App2d 124, 238 NE2d 182, a sentence for robbery was reduced from five to twelve years to three to six years, even though defendant had a prior criminal record, which even included armed robbery and assault with a deadly weapon. The only reason which appears to have prompted reduction of the sentence in the Marshall case was the fact that defendant was unarmed and took only $8 and appeared to be an habitual drunkard.

Upon analysis of the record, the basic question remains as to whether the sentence of two to ten years in the instant case is a sentence which is really proportionate to the nature of the offense. It is noted that the original court action in the burglary case involved only a two-year period of probation. The defendant at the time of the commission of the burglary was drunk, was only 24 years of age, and it was also his first offense. Under the circumstances, we feel that the fixing of the ten-year maximum in this case was not consistent or proportionate to the nature of the offense involved. The sentence of defendant is, therefore, modified from the two to ten-year sentence as imposed in the Circuit Court of Rock Island County to a sentence of two to four years, with appropriate credit for all time served heretofore.

Affirmed and sentence modified.

RYAN, P. J. and STOUDER, J., concur.