THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRED LEE LOTT, Defendant-Appellant.

(No. 70-101;

Third District—April 28, 1971.

Theodore Gottfried, of Defender Project, of Ottawa, for appellant.

James N. DeWulf, State's Attorney, of Rock Island, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Fred Lee Lott pleaded guilty to robbery in the Circuit Court of Rock Island County and was sentenced (following a denial of probation) to a term of imprisonment of not less than one nor more than 10 years. The sole question on appeal in this Court is whether the sentence given the defendant in the cause before us is excessive and should be reduced.

The particular crime to which defendant pleaded guilty involved the removal of $82 from an individual. At the time of the hearing in aggravation and mitigation it appeared that defendant had four previous convictions and was, at the time of the commission of the crime now under consideration, on probation in Will County, Illinois.

On appeal in this Court, defendant contends that the maximum sentence imposed should be reduced and that the maximum is not justified on the basis of the record. In support of defendant's contention he cites *People v. Turner*, 129 Ill.App.2d 241, 262 N.E.2d 379. In that case, this Court reduced a 2 to 10 year sentence in a burglary case to a 2 to 4 year sentence. Such reduction was based principally on the circumstance that defendant was drunk at the time of the commission of the burglary, was only 24 years of age, and, fundamentally, that it was also his first offense.

In the cause before us, defendant was 19 years of age at the time of the commission of the crime and, also, suffers from a serious alcohol problem. His record, however, shows 4 previous convictions. It indicates that defendant had committed a total of 5 offenses within a limited period of approximately 2 years.

As we stated in *People v. Turner, supra*, a reviewing court should

proceed with caution in modifying the penalty imposed by the trial court, particularly where the punishment imposed is within the limits prescribed by the legislature. Under such circumstances a reviewing court should not disturb the sentence unless it clearly appears that the penalty constitutes a great departure from the fundamental law in its spirit or purpose or that it violates the constitutional rights of defendant. Penalties should be proportionate to the nature of the offense. The State asserts that defendant has not demonstrated that the granting of probation is an effective means of encouraging reformation by the defendant.

The sentence in the instant case gives the parole authorities a broad scope within which to operate and enables careful supervision of defendant to be implemented through release at an appropriate time consistent with his conduct and the probability of rehabilitation. The minimum sentence obviously was imposed with consideration for defendant and the chance for rehabilitation. We do not believe that we would be justified, on the basis of the record in this case, in reducing the 10 year maximum imposed by the trial court. We are confident that the authorities charged with determining the time for release of defendant from prison can act with consideration and in the best interests of the defendant, as well as the public, in considering defendant's request for discharge at an appropriate time.

■■ In view of the fact that we have concluded that there is no basis for modification of the sentence in this cause, the judgment of the Circuit Court of Rock Island County will, therefore, be affirmed.

Judgment affirmed.

STOUDER and SCOTT, JJ., concur.