THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM MAJORS, Defendant-Appellant.

(No. 72-11;

Third District—November 16, 1972.

James Geis, of Defender Project, of Ottawa, for appellant.

F. Stewart Merdian, Assistant State's Attorney, of Rock Island, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

The defendant William Majors pleaded guilty to robbery in the Circuit Court of Rock Island County on January 21, 1971. On January 25, 1971, the defendant's motion for probation was denied and defendant was sentenced to a term of imprisonment of from one to ten years. The only question before the court on appeal is whether the maximum term of the sentence imposed upon defendant is excessive and should be reduced.

The record discloses that the defendant was 25 years of age, single, had a high school education, and one semester of college. He served honorably in the United States Marine Corps for four years. It was also shown that defendant had acquired a heroin habit, but that he had a record of abstinence for three months, apparently as a result of his incarceration. It was indicated that as an addict to heroin at the time of the offense, the $42 robbery which defendant had committed was for the purpose of obtaining money to buy more drugs.

It is argued by appellant that the situation of defendant is analogous to that of the defendant in *People v. Turner*, 129 Ill.App.2d 24, 262 N.E. 2d 379. In that case we reduced the maximum sentence which had been imposed on defendant for burglary where his sentencing followed a violation of probation. We felt that, under the circumstances in that case, the assessment of a ten year maximum sentence for the burglary (committed while the defendant was intoxicated and which resulted in no loss to the burglary victim, and which was later followed, after probation was granted, by a sexual escapade with young girls of very low moral character) was not consistent or appropriate to the nature of the original offense. We accordingly reduced the maximum to a period of four years. In the instant case it was shown on behalf of defendant that the gun which was used during the commission of the robberies was not loaded (defendant committed two robberies in the same night, one in Iowa and one in Illinois.) It was also indicated, on oral argument, that subsequent to the preparation of the record in this cause, defendant has in fact been paroled after serving a period of one year in prison.

■■ While we agree that the purpose of modern-day penology is the rehabilitation of the offender and that the sentence should be appropriate and useful in restoring a defendant to a productive place in society, while adequately punishing him for his misconduct, we also have constantly reiterated that the authority of the reviewing court to reduce a sentence

should be applied with great caution and circumspection. *People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673.

Under all the circumstances in this case, however, we do not believe that this court should now reduce the maximum sentence imposed in this cause, particularly in view of the fact that defendant, by his own conduct, can avoid a further period of confinement. For the reasons stated the judgment of the Circuit Court of Rock Island County is affirmed.

Judgment affirmed.

DIXON and SCOTT, JJ., concur.