THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH SMITH, Defendant-Appellant.

(No. 58464;

First District (1st Division)—April 15, 1974.

Robert L. Edwards, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Barry Rand Elden, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

After a bench trial, Joseph Smith (defendant) was found guilty of murder (Ill. Rev. Stat. 1971, ch. 38, par. 9—1) and robbery (Ill. Rev. Stat. 1971, ch. 38, par. 18—1). He was sentenced for 30 years to 50 years. He appeals.

In this court, he contends that the evidence of guilt was not sufficient beyond a reasonable doubt and that the court erred in curtailing defendant's cross-examination of a rebuttal witness called by the State.

The evidence showed that defendant, together with Isaac Smith and Madeline Kennedy, visited several cocktail lounges. During the early morning hours, they met the deceased in a restaurant. Apparently all of these people were acquainted. The deceased offered to repair Isaac Smith's shoes. The offer was accepted. All four then went to a shoe

repair shop where the deceased was employed. He opened the door and all went inside. Deceased then repaired the shoes and unlocked the door so that the other three could leave. At this point there is a conflict in the testimony.

Madeline Kennedy testified that the deceased returned the repaired shoes to Isaac Smith and then unlocked the door to permit the others to leave. At that point, defendant struck the deceased who fell to the floor. Defendant went through the pockets of the fallen man and removed some money which he put in his pocket. At defendant's request, Isaac Smith assisted him in dragging the deceased to an area behind the store. The witness remained in front of the store but heard a loud noise from the back. Defendant and Isaac Smith then came back and went to the cash register. The parties then left the shop, with the witness and Isaac Smith going in one direction and the defendant in another.

Some contradictions in the testimony of this witness were brought out by cross-examination. She testified on direct examination in some detail as to just where each of the persons present was positioned when deceased was unlocking the door. On cross-examination, she admitted that this was a guess. She also conceded on cross-examination that at the preliminary hearing she testified that she could see nothing because she was frightened and she then admitted that she did not see anyone go into the cash register.

Defendant testified in his own behalf. He stated that Isaac Smith told him that he should hit the deceased when the shoe repair was completed or else Isaac Smith would break his jaw. He testified that Isaac Smith had previously broken his jaw with a blow from his fist and that this caused him great fear. Defendant testified that, accordingly, he struck the deceased in the chest and Isaac Smith then hit the deceased on the temple so that he fell. Defendant denied that he had gone through the pockets of the deceased. He also testified that Isaac Smith dragged the deceased behind the store and that Madeline Kennedy followed but that he remained in the front area. He heard a loud noise like a chair breaking. He looked into the back and saw Madeline Kennedy crying. He saw Isaac Smith stomping and beating the deceased. He remonstrated with Isaac Smith and told him that he wanted nothing to do with the matter. Defendant then left the shop alone.

He further testified that his jaw was broken by Isaac Smith in April of 1971 and that he was hospitalized at the Cook County Hospital as a result. The record also shows that after proper warnings were given to the defendant, he gave the police a written statement, received in evidence, which is generally consistent with his testimony at trial. On

cross-examination, defendant reiterated that his jaw had been broken by a blow from Isaac Smith in April of 1971. He stated that he did not know the specific dates that he was in the hospital.

On rebuttal, the State called a clerk from Cook County Hospital. She testified that she was unable to locate medical records of Joseph Smith for April of 1971. On cross-examination of this rebuttal witness, the court sustained an objection to a question put to her as to whether she was able to locate any medical records on a Joseph Smith. The court sustained an objection to this on the ground that it was beyond the scope of direct examination of the witness, which was limited to the hospitalization of April of 1971. The court then sustained objections as to the contents of a record which the hospital clerk had brought to court. The merits of this incident on rebuttal will be considered in the later portion of this opinion.

The parties stipulated that post-mortem examination of the deceased by a qualified coroner's physician revealed that death was caused by a traumatic cerebral laceration. Also the deceased had suffered five stab wounds in various areas of the face.

■■ In our opinion, the evidence is ample to support the finding of guilt beyond reasonable doubt. It is true that issues of credibility were raised by cross-examination of the witness Madeline Kennedy and by variations between her testimony and that of defendant. Similarly, an issue of credibility was raised as regards defendant concerning whether or not he was hospitalized at the time he designated. Considering all of the evidence, the question to be determined by the trial judge was one of credibility and of weighing the testimony of both of the principal witnesses, including all of the other evidence in the record and defendant's own statement. Determination of credibility and of the weight to be given to the testimony of these witnesses was the function of the trial judge. His findings should not be disturbed unless "the evidence is so unreasonable, improbable and unsatisfactory as to leave a reasonable doubt as to defendant's guilt." (*People v. Catlett,* 48 Ill.2d 56, 64, 268 N.E.2d 378.) Upon reviewing the entire record, we approve the finding of guilty by the trial court.

Defendant's counsel argues strongly that rejection of his attempted cross-examination of the record clerk called as the State's rebuttal witness was reversible error. In this regard, cases are cited to the proposition that the State was permitted to impeach defendant on collateral matters which the State had initially brought out in cross-examination so that it was error to refuse defendant's counsel the right to rehabilitate the defendant by additional cross-examination of the rebuttal witness. (*People v. Dennis,* 47 Ill.2d 120, 133, 265 N.E.2d 385.) This argument

is predicated upon the erroneous assumption that the alleged date of hospitalization of defendant was first brought out by the State on cross-examination. On the contrary, the record shows that defendant testified on direct examination that his jaw was broken by Isaac Smith in April of 1971 and that he was hospitalized as a result. Thus, there was no issue here of impeachment upon a collateral matter first brought up on cross-examination by the State. (Compare *People v. Kirkwood*, 17 Ill.2d 23, 30, 160 N.E.2d 766.) In this regard, the rebuttal evidence tendered by the State was competent and proper.

■■ As regards attempted cross-examination by defendant of the State's rebuttal witness, the scope thereof rested within the sound discretion of the trial court. (*People ex rel. Walker v. Pate*, 53 Ill.2d 485, 502, 292 N.E.2d 387.) We cannot say from all the circumstances that prevention of this cross-examination was an abuse of discretion.

It should be noted in this regard, that the trial court stated that even assuming that defendant had received a broken jaw as a result of a blow by Smith, the court would find that there were no compelling acts by Isaac Smith which forced defendant "either to proceed to or to remain in the premises of" the shoe repair shop in question. In this regard, the trial court was eminently correct. The Criminal Code of Illinois provides for the defense of compulsion where defendant performs criminal acts under threat or menace of "imminent infliction of death or great bodily harm." (Ill. Rev. Stat. 1971, ch. 38, par. 7—11.) A serious doubt exists as to whether this defense is cognizable in a prosecution for murder. See Committee Comments, Smith-Hurd Ill. Annot. Stat., ch. 38, par. 7—11 at page 432.

■■■ The soundness and validity of the trial court's remarks are also illustrated by application of the theory of accountability to this case (Ill. Rev. Stat. 1971, ch. 38, par. 5—2). Even if defendant's testimony be completely accepted without qualification, he was properly found guilty. His efforts to disassociate himself from the crime fell far short of the legal requirements since defendant testified that he simply left the scene of the crime and did nothing further. (See *People v. Hubbard*, 55 Ill.2d 142, 150, 302 N.E.2d 609.) On the entire record we approve the finding of the trial court regarding sufficiency of all the evidence to prove guilt beyond a reasonable doubt. We find no error in this record and the judgment is accordingly affirmed.

Judgment affirmed.

EGAN, P. J., and HALLETT, J., concur.