THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EUGENE COOGLER, Defendant-Appellant.

First District (2nd Division) No. 61692

Opinion filed December 23, 1975.

James R. Streicker and Ira A. Moltz, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and John T. Theis, Assistant State's Attorneys, of counsel) for the People.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Eugene Coogler, defendant, appeals from a judgment of the trial court finding him guilty of armed robbery and sentencing him to a term of not less than four years nor more than six years in the penitentiary.

L. T. Jackson and Frederick Weaver, employees at Countdown Liquor and Grocery, 1100 North Larrabee Street, Chicago, testified that on January 3, 1972, at approximately 7:45 p.m., three men entered the store. One of the men locked the front door and pulled out a gun. Another man, known to Jackson and Weaver as Gene and identified as defendant, went behind the counter, opened up two cash registers and dumped the trays of money into a bag. Leonard Muscolino, a sergeant in the Chicago Police Department, testified that he interviewed defendant in Pittsburg, California, on February 6, 1973; that defendant, after being informed of his constitutional rights, told Muscolino he took the money out of the cash registers and put it in a bag; and that he committed the robbery for Richard Strong, a neighborhood gang leader. Muscolino told defendant that Strong was dead and then defendant stated he wanted to come back to Chicago and face the charges against him.

Defendant admits that on January 3, 1972, he and two other men robbed the Countdown Liquor and Grocery, 1100 North Larrabee Street, Chicago. However, he argues that he was compelled to commit the robbery because of his fear that if he did not do so, Richard Strong, an admitted gang leader in the Cabrini-Green area, would inflict death or great bodily harm on him. Defendant testified that Strong had a reputation as "an enforcer, you know, a murderer"; and that Strong told him that if he refused to commit the robbery "he would kill me. All three of us." Defendant further testified that during the robbery Strong had two other men waiting across the street with guns and they said that "if we didn't come out with the money that they would shoot us." Defendant

contends that when this affirmative defense was raised, the State was required to sustain the burden of proving beyond a reasonable doubt that the defendant did not act under compulsion.

## I.

Section 7—11 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 7—11) provides that the affirmative defense of compulsion exists where a person commits a crime "under the compulsion of threat or menace of the imminent infliction of death or great bodily harm, if he reasonably believes death or great bodily harm will be inflicted upon him if he does not perform such conduct." Section 3—2 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 3—2) provides that "the defendant, to raise the issue [of an affirmative defense], must present some evidence thereon"; and that when "an affirmative defense is raised then the State must sustain the burden of proving the defendant guilty beyond a reasonable doubt as to that issue together with all the other elements of the offense."

■■ It has been held that under the compulsion statute the impending danger must be present and imminent; that the defendant must reasonably believe that death or great bodily harm will be inflicted upon him if he does not perform such conduct; and that the threat of future injury is not enough to excuse a criminal act. *People v. Ricker*, 45 Ill.2d 562, 262 N.E.2d 456; *People ex rel. Rusch v. Rivlin*, 277 Ill.App. 183.

Defendant relies on *People v. Davis*, 16 Ill.App.3d 846, 306 N.E.2d 897, and *People v. Smith*, 19 Ill.App.3d 36, 311 N.E.2d 164, where the court set forth the general law pertaining to the defense of compulsion. However, in each of those cases the court held that the affirmative defense of compulsion was not established and affirmed the conviction of the respective defendants. A similar conclusion should be reached in the case at bar. Obviously, defendant should not be permitted to escape the consequences of his criminal act by asserting the defense of compulsion, the facts of which were tailored to suit his own purpose. Here, the trial court stated, "I did not believe the defendant's statements as to compulsion. I did not believe it."

■■ In a bench trial, it is for the trial judge to determine the credibility of the witnesses and the weight to be given their testimony. Unless the evidence is so unsatisfactory as to raise a serious doubt of the defendant's guilt, the finding of the trial court will not be disturbed. (*People v. Catlett*, 48 Ill.2d 56, 268 N.E.2d 378; *People v. Spriggs*, 20 Ill.App.3d 804, 314 N.E.2d 573.) On appeal, the determination of the trial judge, who had the opportunity to view the witnesses and hear their testimony,

will not be lightly set aside. (*People v. McGhee*, 20 Ill.App.3d 915, 314 N.E.2d 313; *People v. McNeal*, 8 Ill.App.3d 109, 289 N.E.2d 193.) From a review of the entire record, it was not error for the trial judge to reject the testimony of defendant pertaining to the defense of compulsion, and to find defendant guilty of armed robbery beyond a reasonable doubt.

For these reasons the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

STAMOS and LEIGHTON, JJ., concur.