THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
BENJAMIN GUITERREZ, Defendant-Appellant.
First District (3rd Division)   No. 78-1362

Opinion filed May 9, 1979.

James J. Doherty, Public Defender, of Chicago (Donald S. Honchell, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Paul C. Gridelli, and David W. Borenstein, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Benjamin Guiterrez, entered a plea of guilty to the charge of armed robbery. On October 14, 1970, he was placed on probation for five years, the first six months to be served in a work release program. On February 12, 1971, an arrest warrant was issued charging that defendant never reported to his probation officer and that he was absent from the work release program. On November 3, 1977, a petition for violation of probation was filed charging defendant with the matters set forth in the warrant and also charging that on May 29, 1975, defendant committed aggravated battery, burglary, and armed robbery. After a hearing, defendant, on November 16, 1977, was found to have violated his probation and was sentenced to 6½ to 19½ years.

On appeal defendant contends that the State failed to prove by a preponderance of evidence that he violated his probation. In the alternative, he argues that the trial court based the sentence on improper considerations and erred in denying him credit for time on probation, thereby entitling him to be resentenced. At the hearing on the petition, the State adduced the following evidence.

Lora Carrie, 89 years old, testified that on May 29, 1975, two young men broke into her home. One she knew as Jimmy and the other was a

red-haired youth of Mexican descent. All she remembered was that the latter struck her in the back of the head. She was taken to a hospital where she remained for two months.

Officer Gerald Corless of the Chicago Police Department testified that Mrs. Carrie sustained a broken jaw, bruises about the face, and three stab wounds. An investigation of the crime resulted in the arrest of Jimmy Lee Jackson and defendant. (Prior to the revocation hearing, the trial judge had heard the trial of Jimmy Lee Jackson.) After defendant's arrest and after he received the *Miranda* warnings, defendant gave a signed statement which was introduced into evidence without objection. In the statement defendant said that he accompanied Jimmy Lee Jackson to the victim's residence on the night in question, but under compulsion. Jimmy Lee told defendant "to do this job" or be killed. He waited outside while Jackson and the other assailant entered the home. The victim was struck and was stabbed three times. After leaving the victim's home, defendant went home. Defendant had black hair.

Defendant contends that the State failed to prove him guilty of a violation of probation. We believe, however, that the State established by a preponderance of evidence that he was accountable for the offenses occurring at the victim's home.

■■ The accountability statute states that a person is legally accountable for the conduct of another when:

"Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense." (Ill. Rev. Stat. 1975, ch. 38, par. 5—2(c).)

Mere presence and passive acquiescence is not sufficient to constitute a person a principal to a crime, but one may aid and abet without actively participating in the overt act. If the proof shows he was present at the crime without disapproving or opposing it, the trier of fact may consider this conduct with other circumstances and reach a conclusion that such person assented to the commission of the criminal act, lent his approval, and was thereby aiding and abetting the crime. (*People v. Nugara* (1968), 39 Ill. 2d 482, 236 N.E.2d 693, *cert. denied* (1968), 393 U.S. 925, 21 L. Ed. 2d 261, 89 S. Ct. 257.) In *Nugara*, defendant merely traveled with a companion to a shop and was arrested while fleeing the scene. His conviction for attempt burglary was affirmed although he had not physically participated in the act.

■■ In the present case, although defendant did not enter the home, he assented to all the criminal acts by following instructions and waiting outside while the victim was brutally assaulted. Defendant showed no opposition to the crimes. He did nothing to prevent the assault, made no

effort to assist the victim, and never reported the crime to the authorities. (See *People v. Washington* (1962), 26 Ill. 2d 207, 186 N.E.2d 259.) Even if defendant was compelled to go to the victim's home, he made no effort to disassociate himself from the crime. (See *People v. Smith* (1974), 19 Ill. App. 3d 36, 311 N.E.2d 164.) Defendant was shown to have violated his probation by a preponderance of the evidence, and the court correctly found him to be in violation of the probation.

Defendant contends in the alternative that he is entitled to a resentencing hearing because of errors committed by the trial court. Under this heading, defendant initially maintains that in determining sentence, the trial court did not consider the facts of the original conviction on which it was imposing sentence, but rather, considered defendant's conduct constituting the violation along with extrinsic matters not introduced into evidence.

■ The sentence imposed upon revocation of probation should relate directly to the crime for which a probationer was convicted and should not be a sentence for a crime committed while on probation. (*People v. Turner* (1970), 129 Ill. App. 2d 24, 262 N.E.2d 379.) The violation of probation may not be used to enhance the penalty imposed for the original conviction. (*People v. Slaten* (1972), 5 Ill. App. 3d 405, 283 N.E.2d 12.) Nevertheless, while a sentence imposed upon revocation of probation may not be used as a penalty for subsequent offenses, a more severe sentence than the one which the court might have originally contemplated may be imposed when it reflects the defendant's rehabilitative potential. *People v. Mitchell* (1977), 53 Ill. App. 3d 1002, 369 N.E.2d 249.

■ ■ After finding that defendant had violated probation, the trial court permitted the prosecutor, over defendant's objections, to recite the written probation violation and to comment that the probation violation was based on the same type of offense for which he had been admitted to probation. We do not believe this recital demonstrates that the trial court relied on the subsequent offense in order to determine the sentence which was imposed. The trial court had before it the presentence report which contained defendant's personal history, including his plea of guilty to the armed robbery charge. The trial court was entitled to assess defendant's lack of rehabilitative potential. The sentence imposed by the trial court was proportionate and commensurate with the offense originally committed based on defendant's potential for rehabilitation at that time and at the time of the hearing on the petition for revocation.

■ Defendant further argues that at the sentencing hearing the trial court relied upon knowledge obtained from material not offered into evidence. Apparently relying on evidence adduced at the earlier trial of Jimmy Lee

Jackson, the trial judge stated that another offender, not defendant, was treated like a son by the victim; she had helped raise that offender. While these extrinsic matters were mentioned by the judge, a review of the entire hearing makes it clear that the judge did not rely on such extraneous matters in imposing sentence. The trial court is the proper forum in which a suitable sentence is to be determined and the trial court's decision in regard to sentencing is entitled to great deference and weight. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) We believe the trial court relied on proper factors in determining defendant's sentence, that defendant displayed a lack of rehabilitative potential, and that the sentence imposed was proportionate to the offense committed. The sentence was therefore proper.

■■ Although the trial court gave credit to defendant for time spent in actual custody, it refused to give him credit for the time he spent on probation. The State concedes that this refusal was erroneous. The statute in effect from January 1, 1973, to July 1, 1974, mandated the award of a sentence credit for time spent on probation before probation was revoked. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h).) A defendant is entitled to the benefit of the most favorable intervening sentencing statute. (*People v. Stewart* (1978), 61 Ill. App. 3d 111, 377 N.E.2d 1112.) Consequently, defendant is entitled to the benefit of the earlier statute and to a sentence credit for the time he spent on probation.

For the foregoing reasons, the judgment of the circuit court of Cook County finding that defendant violated his probation and imposing a sentence of 6½ to 19½ years is affirmed. The cause is remanded to the circuit court for the entry of an order awarding defendant sentence credit for the time he spent on probation.

Judgment affirmed; cause remanded with directions.

McGILLICUDDY and RIZZI, JJ., concur.