THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES STEVEN GILLIAM, Defendant-Appellant.

Second District   No. 2—84—1016

Opinion filed September 26, 1985.—Rehearing denied October 30, 1985.

G. Joseph Weller and William A. Delaney II, both of State Appellate Defender's Office, of Elgin, for appellant.

Robert J. Morrow, State's Attorney, of Geneva (Phyllis J. Perko and Marshall Stevens, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant, James Steven Gilliam, was convicted in a bench trial of robbery (Ill. Rev. Stat. 1983, ch. 38, par. 18—1) and sentenced to five years' imprisonment. Defendant argues on appeal that the sentence is excessive.

Cindy Emery was walking into a store in Aurora on April 26, 1984, at approximately 7:30 p.m. when a man approached her from behind and took her purse, which was hanging on her shoulder. The defendant had his hands on Emery's left arm before he grabbed the purse. Emery held the strap of the purse while defendant attempted to run away with the purse. Defendant and Emery both pulled on the purse for a few seconds, and then Emery fell. She fell on her chest and hit her head and shoulders. The only injuries Emery received were a bruised elbow and knee. After the struggle, the defendant ran down the street. A police officer found the defendant behind a porch door with a machete raised in his hand. The officer drew a revolver and ordered the defendant to drop the knife, which defendant did hesitantly.

After the defendant was found guilty of robbery, he filed a petition for treatment under the Alcoholism and Substance Abuse Act (Ill. Rev. Stat., 1983 Supp., ch. 111½, pars. 6301 through 6311). The petition was denied because the defendant was ineligible for the treatment.

At the time of the presentence report, the defendant was a married 22-year-old and the father of a baby. The report stated that in 1979, the defendant was adjudicated a juvenile delinquent and sentenced to the Department of Corrections for burglary. As an adult, in May 1980, he was charged with no valid driver's license, illegal transportation of liquor and no registration; the defendant paid a fine and costs. In September 1980, he was convicted of burglary for which he was sentenced to 24 months' probation and 12 weekends in jail. In May 1981, the defendant was fined for the offense of illegal transpor-

tation of liquor. In July 1981, defendant paid a fine and costs for the charges of no valid driver's license, no registration and equipment violation. In August 1981, the defendant was convicted of burglary and stealing in Missouri, for which he was put on probation for five years in November 1981.

At the sentencing hearing, the defendant's sister testified that the defendant abuses drugs and alcohol, and that he steals when he drinks. The defendant's wife testified that the defendant is not violent but that drinking affects his thinking. A pastor testified that he has visited the defendant several times since the defendant's arrest, and considers the defendant an alcoholic. The defendant testified to his remorse for the crime.

The trial court found, in examining the factors in aggravation that the defendant's conduct caused or threatened serious harm (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.2) and that there had been the potential for serious bodily harm in this offense. The trial court also found that the defendant's criminal history did not indicate that probation would be successful. The court imposed a five-year sentence, which it felt necessary to deter others from committing the same or similar crimes. Robbery is a Class 2 felony and is punishable by three to seven years' imprisonment (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1).

The defendant argues that the sentence is excessive because of the nature of the offense. He emphasizes that the offense only lasted a few seconds and did not involve a weapon, that the victim's injuries did not require medical treatment, and that those minor injuries which she did receive were the result of her resistance. Defendant argues that the instant offense did not threaten more serious harm than that inherent in robbery, and that the court erroneously considered the potential of serious harm to be an aggravating factor. Defendant also notes that, until the instant offense, he had not violated his probation for the Missouri convictions for two years and five months. He argues that his rehabilitative potential is indicated by his remorse over the offense. Another factor discussed by the defendant is the hardship of imprisonment on his family.

■■ Penalties imposed for crimes are to be determined "according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." (Ill. Const. 1970, art. I, sec. 11.) Penalties should be proportionate to the nature of the offense. (*People v. Lott* (1971), 131 Ill. App. 2d 867, 869.) That sentence which has the greatest potential for restoring the offender to a useful and productive place in society while at the same time adequately punishing the

offender for his misconduct and safeguarding the public from further offenses is the one which should be imposed. (*People v. Thomas* (1979), 76 Ill. App. 3d 969, 976.) The reviewing court is not a sentencing court, and it will not substitute its judgment for that of the trial court merely because it would have balanced the factors differently. (*People v. Cox* (1980), 82 Ill. 2d 268, 280.) The imposition of a sentence is a matter of judicial discretion, and absent an abuse of this discretion, the sentence may not be altered upon review. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 153.) Generally, the reviewing court will not disturb a sentence on review unless it greatly diverges from the purpose and spirit of the law or is highly disproportionate to the nature of the offense. *People v. Nelson* (1982), 106 Ill. App. 3d 838, 846.

■ Defendant cites cases in which sentences for robbery were less severe than five years' imprisonment. However, these cases do not provide guidance in the review of a sentence for robbery because the robbery convictions were reversed in those cases because of the lack of force or violence. (*People v. Patton* (1979), 76 Ill. 2d 45; *People v. Gray* (1980), 80 Ill. App. 3d 817; *People v. Thomas* (1983), 119 Ill. App. 3d 464.) Defendant also argues that his sentence should be reduced as in *People v. Mick* (1980), 86 Ill. App. 3d 1022, 1028-30, because a lesser term would not deprecate the seriousness of defendant's conduct. However, the court in *Mick* engaged in an independent evaluation of the statutory sentencing factors which we believe to be inconsistent with the teaching of our supreme court in *People v. Cox* (1980), 82 Ill. 2d 268.

The State argues that the sentence is not excessive in comparison to *People v. Lott* (1971), 131 Ill. App. 2d 867, and *People v. Pittman* (1978), 62 Ill. App. 3d 295. While the defendant in *Lott*, whose sentence for robbery of one to 10 years was affirmed, was similar to defendant Gilliam in that defendant was a young man who abused alcohol and who had previous convictions, the case does not provide the facts of the offense or indicate whether the offense caused serious harm. *People v. Pittman*, in which a sentence of three to nine years was affirmed, is distinguishable because there the robbery was more violent.

Defendant relies on *People v. Allen* (1981), 97 Ill. App. 3d 38, to support his argument that the trial court erred in considering the potential for serious harm as an aggravating factor. Specifically, the aggravating factor is "the defendant's conduct caused or threatened serious harm." (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.2(1).) In *Allen*, a burglary case, the court found that for the aggravating factor

of risk of harm to be applied properly, the risk must be greater than that inherent in almost all burglaries. In the instant case, the trial court explicitly considered that serious harm could have occurred. The court properly could have found that because of the struggle between the victim and defendant for the purse, the offense threatened more serious harm than simple purse snatchings.

In addition, there was no abuse of discretion by the court in its determination that defendant's criminal history warranted his imprisonment for the term adjudged. The court also properly considered that the sentence was necessary to deter others from committing the same crime. Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.2(7).

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

HOPF and LINDBERG, JJ., concur.